Tarasi *v.* Settino (et al., Appellant).

Argued April 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*H. N. Rosenberg*, with him *Rosenberg, Kirshner & Solomon*, for appellant.

*Edward A. Mihalik*, with him *Louis M. Tarasi* and *Conte, Courtney, Tarasi & Price*, for appellee.

OPINION PER CURIAM, December 11, 1972:

This is an appeal from an order of the Court of Common Pleas of Allegheny County denying defendant's petition for change of venue.

Carmella Tarasi, the plaintiff in this case, filed an action in trespass in Allegheny County against both defendants arising out of an automobile accident which occurred August 4, 1969 on U. S. Rt. 19, Perry Township, Mercer County, Pennsylvania. Plaintiff was a passenger in a vehicle being driven by one of the defendants, Irene C. Settino. The Settino vehicle collided with a vehicle driven by the other defendant, Michael Twaroski. Twaroski is a resident of Erie, Pennsyl-

vania. Mrs. Settino and the plaintiff-appellee are both residents of Allegheny County.

Michael Twaroski, appellant herein, had been sued by Settino in Mercer County some 14 months prior to the commencement of this suit in Allegheny County brought by Tarasi. That suit in Mercer County was still pending when the present suit was brought in Allegheny County. Appellant Twaroski, presented with the difficulty of defending two suits in two different counties, both being based on the same accident, petitioned the Court of Common Pleas of Allegheny County for a change of venue so that he could defend both suits in Mercer County and hopefully, at the same time. Mrs. Tarasi objected to the petition and it was denied by the court. From that denial this appeal has followed.

Although we would otherwise quash this appeal as a non-appealable interlocutory order, we are not concerned with that question here since the lower court certified the issue of venue as a controlling question of law in compliance with 17 P.S. §211.501(b) of the Appellate Court Jurisdiction Act of 1970.

Turning to the substantive issue, we are concerned with whether the trial judge abused his discretion in denying the defendant-appellant's petition for change of venue. Rule 1006(c) of the Pennsylvania Rules of Civil Procedure provides that: "An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is the party defendant, may be brought against all defendants in any county in which venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b)." This rule has received specific review by our Supreme Court in *Small v. Saturen*, 434 Pa. 119, 121, 252 A. 2d 631 (1969), wherein the court stated, "The 1967 amendments to the

Rules, namely, 1006(c) and 1009(e), were adopted specifically to apply to the problem where, as here, two or more individual defendants residing in different counties, separate actions had to be brought in each of the tice, separate actions had to be brought in each of the counties so that each individual defendant could be properly served. This requirement of multiple actions was cumbersome. Under the amendments to the Rules where defendants residing in separate counties jointly or jointly and severally incur an obligation or commit a tort, a single action can be brought against all defendants either in the county of the cause, or in a county in which one of the defendants may be served. Rule 1006 (a).[5] Rule 1009(e) makes further provision for any necessary deputized service. Thus, by a single action litigants are enabled to adjudicate the liability of all defendants who reside anywhere within the Commonwealth of Pennsylvania." Therefore, under the facts of this case, since, *one* of the defendants, Settino, resided in Allegheny County, plaintiff properly brought her suit against *both* defendants in Allegheny County.

We next turn to defendant's petition requesting a change of venue under Rule 1006(d) which provides in part: "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought. . . ." The language of this rule clearly indicates that discretion is vested in the trial judge in determining whether or not to grant the petition. In a case such as this, where both forums are competent, we merely

---

[5] "(a) Except as otherwise provided by Subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose." As amended, effective September 1, 1967.

162

have to decide whether or not, in the exercise of his decision, the trial judge abused his discretion: *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 246 A. 2d 384 (1968).

It must be noted initially that a plaintiff's right to choose his own forum will only be disturbed for weighty reasons: *Walker v. Ohio River Company*, 416 Pa. 149, 205 A. 2d 43 (1964). The United States Supreme Court has also pointed out that: "The plaintiff's choice of a forum cannot be defeated". *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 505, 67 S. Ct. 839 (1947). Rule 1006 (d) will only be utilized where it is apparent that it will be more convenient for the parties and witnesses to change the forum. It would certainly be more convenient for the defendant in this action to have the case transferred to Mercer County in an attempt to have it consolidated with the other case arising out of this accident which is presently pending against him there. There is no guarantee, however, that after such a transfer the actions would be consolidated. Also, the defendant would really be the only one convenienced by such a change. The witnesses who would be called are all from Allegheny County, as are the plaintiff and the additional defendant. The fact that a change of forum will be more convenient to the defendant alone is not a sufficient justification for such a change: *Nicolosi v. Fittin*, 434 Pa. 133, 252 A. 2d 700 (1969). We must support the lower court's conclusion that Allegheny County is the most appropriate forum in which to litigate this cause of action and find no abuse of discretion in its refusal to transfer the action.

Accordingly, the trial judge properly denied appellant's petition for change of venue.

Affirmed.