## Leonard, Executrix v. Troy Community Hospital, Inc.

*John J. McAuliffe, Esq.,* for plaintiff.

*John A. Van Luvanee, Esq.,* for defendant Troy Community Hosp.

*Paul A. Barrett, Esq.,* and *Richard L. Goerwitz, Jr.,* for additional defendants.

GARB, J., July 10, 1974.—Plaintiff, as the executrix of the Estate of Kenneth Leonard, has filed a complaint in both trespass and assumsit against the Troy Community Hospital, Troy, Bradford County, Pa., Dr. Lawrence W. Brown, Troy, Bradford County, Pa., and American Bridge Division of U.S. Steel Corporation, Fairless Hills, Bucks County, Pa. The complaint arises as a result of the death of decedent. It is alleged in the complaint that, at all relevant times, decedent was employed by the American Bridge Division of the U.S. Steel Corporation at Elmira Heights, N. Y. Allegedly, decedent suffered a heart attack while

working at the aforesaid plant and the cause of action against defendant, American Bridge, arises as a result of certain negligent treatment rendered by and at that defendant's medical dispensary. The allegations of negligence against Troy Community Hospital and Dr. Brown arise as a result of their negligent treatment of decedent at the locii alleged in the complaint. Jurisdiction and venue are allegedly laid in Bucks County by virtue of the fact that defendant, American Bridge Division of the U.S. Steel Corporation, has a place of business within this county, although it is alleged in the complaint that it is a Delaware corporation with a principal place of business located in Elmira Heights, State of New York. Defendant, Troy Community Hospital, has filed preliminary objections, only one of which will be decided herein. That preliminary objection requests dismissal of the complaint on the grounds of forum non conveniens.

Strictly speaking, we do not decide this case upon the principles of forum non conveniens but rather decide that this litigation should be transferred to Bradford County as an exercise of our discretion. The doctrine of forum non conveniens was fully explicated and invoked as a doctrine applicable to Pennsylvania in Plum v. Tampax, Inc. 399 Pa. 553 (1960), in which the court set forth, at length, the standards to be applied in exercising its discretion based upon that doctrine. Primarily, it is stated therein that the doctrine should be applied to dismiss a complaint where the convenience of the parties demands it and only where the considerations favoring it are weighty. In Walker v. Ohio River Co., 416 Pa. 149 (1964), it was held that the doctrine should not be applied only for the convenience of the defend-

ant as it is for plaintiff to choose his place of suit. In Tarasi v. Settino, 223 Pa. Superior Ct. 158 (1972), it was held that the doctrine should likewise not be applied only for the convenience of defendant. In Rini v. New York Central Railroad Co., 429 Pa. 235 (1968), it was held that the doctrine should be applied where all, or at least a majority, of the witnesses would not be readily available in the forum selected by plaintiff. Although all of those cases involved jurisdictional questions over parties and witnesses, the latter, at least, being beyond the jurisdictional limits of Pennsylvania, there is at least some reason to believe that the doctrine of forum non conveniens is applicable in Pennsylvania inter county. See Potteiger · v. Fidelity-Philadelphia Trust Co., 424 Pa. 418 (1967).

Regardless of the foregoing, however, we are satisfied that Pennsylvania Rule of Civil Procedure 1006(d) vests jurisdiction in this court to transfer the litigation to another county which would be of greater convenience to the parties and witnesses. in the case. That rule provides, in relevant part, as follows:

"For the convenience of parties and witnesses the court upon petititon of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

Plaintiff and two of the defendants are residents of Bradford County. Additionally, decedent's alleged heart attack occurred while employed at American Bridge Division located in Elmira, N. Y., which is considerably closer to Bradford County than to Bucks County. There is nothing on the record before us to indicate that any witnesses relevant to this controversy are resident in Bucks County or in any

way connected with American Bridge Division of U.S. Steel Corporation in Fairless Hills, this county. In fact, there may be some question as to whether liability upon this defendant can, in fact, be imposed by virtue of the effect of the Workman's Compensation Law of Pennsylvania, and this has been pleaded by this defendant. Furthermore, an identical action has been instituted by plaintiff herein against all three of these defendants in Bradford County. Therefore, we are satisfied that it would obviously be of greater convenience to all of the parties, plaintiff and defendant, as well as the witnesses, if this matter where litigated in Bradford County. None of the operative facts giving rise to the alleged cause of action occurred in Bucks County and there clearly is another county, Bradford County, where the action could originally have been brought and, in fact, was brought. Therefore, in the exercise of our discretion and in the interest of ease of and speedy litigation, we determine that the convenience of all concerned would better be served if the matter were transferred to Bradford County. See Caplan v. Keystone Weaving Mills, Inc., 431 Pa. 407 (1968). Accordingly, we enter the following:

## ORDER

And now, July 10, 1974, it is hereby ordered, directed and decreed that this matter shall be transferred to the Court of Common Pleas of Bradford County. The prothonotary of this court is directed to forward to the Prothonotary of Bradford County certified copies of the docket entries, process, pleadings, depositions and other papers filed in this action.