## Ward v. Tinicum Township

*Donald E. Matusow,* for plaintiffs.

*Donald J. P. Sweeney,* for defendant Tinicum Township.

*G. Wayne Rennelsen,* for defendant Interboro School District.

LAGAKOS, *J.,* October 5, 1977 — Defendants Tinicum Township and Interboro School District, in their preliminary objections, question the venue of Philadelphia County as the proper forum in which to resolve the instant complaint.

Plaintiffs herein, Bruce Ward and his parents Jane and James R. Ward, instituted this trespass action in this court against Tinicum Township, Interboro School District and A. B. Dick Company, based on the following averred set of facts:

On August 18, 1976, minor plaintiff, Bruce Ward, and two companions were playing on the grounds of an old school building which allegedly had been left unguarded by defendants, Tinicum Township and Interboro School District.

Allegedly, a large unmarked industrial drum containing a highly flammable cleaning substance manufactured and sold by defendant, A. B. Dick Company, was caused to explode and burn. In the ensuing fire, in which one of his companions was killed, Bruce Ward was severely burned, sustaining second and third degree burns over more than sixty percent of his body, and was, as of the date of the filing of the instant pleadings, still hospitalized.

The gravamen of plaintiffs' complaint is that, insofar as Tinicum Township and Interboro School District are concerned, they were negligent, inter alia, in maintaining an "attractive nuisance" which created an unreasonable risk of harm to children, including the minor plaintiff herein.

On the authority of Pa. R.C.P. 2103(b), Tinicum Township and Interboro School District argue that Delaware County alone has venue in any action against them. That Rule provides as follows: "Venue . . . (b) Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located."

Thus, since it is not disputed that both Tinicum Township and Interboro School District are political subdivisions, and that both of these entities are located in Delaware County, it is argued upon us that we rule that Delaware County has exclusive venue in this litigation.

Plaintiffs, on the other hand, contend that this matter is controlled by Pa. R.C.P. 1006(c), which provides as follows:

"Venue . . . (c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)."

Since venue against defendant A. B. Dick Company in this county is not disputed, being based on Pa. R.C.P. 2179(a)(1), it is argued by plaintiffs that all of the defendants are properly before this court.

We must resolve this apparent conflict between these two Rules of Civil Procedure, the sole issue being whether *exclusive* venue lies only in the locus of a political subdivision when it is being sued, regardless of the presence of third party defendants which are amenable to suit under other venue provisions.

It must be noted initially that a plaintiff's right to choose his own forum will only be disturbed for weighty reasons: Walker v. Ohio River Company, 416 Pa. 149, 205 A.2d 43 (1964); Tarasi v. Settino, 223 Pa. Superior Ct. 158, 298 A.2d 903 (1972); and as pointed out by the United States Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 505 (1947), "plaintiff's choice of a forum cannot be defeated."

Moreover, it is clear that Pa. R.C.P. 1006(e) authorizes a change of venue only when the initial venue is improper and where there is only one court competent to hear the matter: United States Cold Storage Corporation v. Philadelphia, 427 Pa. 624, 235 A.2d 422 (1967), affirmed, 431 Pa. 411, 246 A.2d 386 (1968). The fact that a change of forum will be more convenient to defendant alone is not a sufficient justification for such a change: Nicolosi v. Fittin, 434 Pa. 133, 252 A.2d 700 (1969); Tarasi v. Settino, supra.

While the argument that exclusive venue lies in Delaware County based on a literal reading of Pa. R.C.P. 2103(b) is superficially appealing, to simply follow that Rule would be to ignore conflicting Rules of Civil Procedure as well as a contrary holding of our Supreme Court in the case of United States Cold Storage Corporation v. Philadelphia, supra.

Rule 2103(b) providing that an action against a political subdivision may be brought only in the county in which that subdivision is located must be read in conjunction with Rule 1006(b) and (c). Specifically, Rule 1006(b) provides in pertinent part that

"Venue . . . (b) Actions against the following defendants, *except as otherwise provided in subsection (c),* may be brought in and only in the

counties designated by the following rules: . . . political subdivisions, Rule 2103 . . ." (Emphasis supplied.)

Thus, it is clear that in order to decide that Rule 2103(b) governs the instant case, we must ignore the "except as otherwise provided in subdivision (c)" language found in Rule 1006(b).

We are thus constrained to interpret the above Rules as meaning that Rule 2103(b) governs venue *unless* venue in another county is proper and authorized by Rule 1006(c). Under Rule 1006(c), as cited infra, an action to enforce a joint or joint and several liabilities against two or more defendants may be brought against all defendants wherever venue would lie against any one of them. That Rule, in addition, speaks of but one exception from its terms, i.e., when the Commonwealth is a party defendant.

Accordingly, it is clear to us that both Tinicum Township and Interboro School District, neither being "the Commonwealth," but rather being political subdivisions thereof, are amenable to the terms of Rule 1006(c). That Rule, enacted as it was to reduce the cumbersomness of filing multiple actions in various counties, is therefore clearly applicable to the instant case.

Any doubt concerning our interpretation of these Rules was necessarily eliminated by our Supreme Court in the case of United States Cold Storage Corporation v. Philadelphia, supra. In that case, plaintiff filed suit in Philadelphia County against the General State Authority and the City of Philadelphia. The General State Authority filed preliminary objections, arguing that under Pa. R.C.P. 1503(c), only Dauphin County had venue in any action against it. Plaintiff resisted the change of venue argument, arguing that if venue were

transferred to Dauphin County, it would lose venue as to the City of Philadelphia, pursuant to Rule 2103(b). The Supreme Court rejected this argument, ruling specifically that Rule 1006(c) permits a political subdivision to be sued out of its home county in actions involving multiple defendants. Noting that the problem of having to institute separate actions in two or more separate counties was just the type of situation that Rule 1006(c) was designed to eliminate, the court concluded that "[t]he Rule now will permit suit by the Storage Companies in Dauphin County against both the Authority *and* the City." (Emphasis supplied.)

Thus, it is clear that where *multiple party actions* are involved and venue as to any one defendant is proper in a county other than that of defendant political subdivision, the political subdivision cannot invoke the provision of Pa. R.C.P. 2103(b) to protect itself from having to defend its action in that other county. Any other interpretation would completely emasculate the "except as otherwise provided in subsection (c)" language of Rule 1006(b), which clearly mandates that only where Rule 1006(c) does not provide for proper venue, is Rule 2103 to be involved.

Thus, whereas in the instant case, venue is proper as to defendant, A. B. Dick Company, in Philadelphia County, Rule 1006(c) clearly mandates that political subdivisions, Tinicum Township and Interboro School District, are also amenable to suit in Philadelphia County and that Rule 2103 is therefore inapplicable.

Accordingly, and for the foregoing reasons we denied the defendant's preliminary objections as to venue on June 5, 1977, and on October 5, 1977, we file this opinion in support of that order.