## Starks v. Montgomery County
## Housing Authority

*Allen L. Feingold*, for plaintiff.
*Ronald H. Sherr*, for Ventriglia Title Co.
*Thomas P. Grace, Manfred Farber* and *Edward Leach*, for other defendants.

PRATTIS, *J.*, January 11, 1978—Defendants, Montgomery County Housing Authority and

Marshall-Silver Construction Company, filed motions for a protective order and preliminary objections in the nature of a demurrer, motion to strike, and motion for a more specific pleading to the plaintiff's complaint. In addition, Montgomery County Housing Authority raises a question of jurisdiction and venue in its preliminary objections.

Plaintiff, Mandora Starks, filed her complaint in trespass and assumpsit in June, 1977, for injuries allegedly sustained during a fall in the bathtub of her apartment. She alleges breach of implied and express warranties that the premises were suitable, safe and fit.

In their preliminary objections, Montgomery County Housing Authority and Marshall-Silver Construction Company contend that plaintiff has failed to allege sufficient and material facts to support her cause of action as set forth in the complaint, and she thus has deprived defendants of their ability to file any meaningful response thereto. Plaintiff has made only a general averment as to the occurrence of her accident and has failed to state specific averments as to time, place or special damages.

A complaint which fails to set forth material facts to support a claim is inadequate: Gross v. United Engineers & Constructors, 224 Pa. Superior Ct. 233, 302 A. 2d 370 (1973). Defendant must know upon which ground to make his defense. If there is a question of the basis on which plaintiff seeks recovery, the complaint is insufficient: Rubino v. Walker, 56 D. & C. 2d 213 (1972). Accordingly, this court concludes that the instant complaint is insufficient and grants the motions of defendants, Montgomery County Housing Authority and

Marshall-Silver Construction Company, for a more specific pleading.

Both of the above-mentioned defendants have filed motions for a protective order against the taking of depositions by plaintiff. Plaintiff contends that the depositions would enable her to submit a more specific pleading.

In Mohr v. Haydt, 61 D. & C. 2d 791 (1973), the court recognized the availability of the discovery procedure to make the complaint more specific. Defendants' motions for protective order should not be granted and depositions are permitted within the limits of Mohr v. Haydt.

In addition, defendant, Montgomery County Housing Authority, in its preliminary objections, raises the issue of improper venue. Defendant contends that the proper place of venue is Montgomery County since three of four defendants are Pennsylvania corporations, with principal places of business in Montgomery County, plaintiff was a resident of Montgomery County at the time of the accident, and the accident is alleged to have occurred in Montgomery County.

Under Pa.R.C.P. 1006(c) an action with multiple defendants may be brought in any county where jurisdiction may be laid against any one of the defendants. Thus, jurisdiction in the present case is proper in Philadelphia, where defendant, Ventriglia Tile Company, has a principal place of business.

Venue, however, is not a matter of jurisdiction. Venue is an equity matter, and the convenience and necessities of the parties and the witnesses are to be considered. In National Label Co. v. Rapp, 69 D. & C. 2d 329 (1974), the action was transferred from Philadelphia County to Montgomery County where plaintiff and three of four defendants were in

Montgomery County, all occurrences took place in that county, and a view of the premises by the jury would be required. In the case at hand, it is not stated in what county plaintiff now resides, but three of four defendants are in Montgomery County and all occurrences took place in that county.

Moreover, venue may be laid in any county where a "principal" defendant may be served: Tarasi v. Settino, 223 Pa. Superior Ct. 158, 298 A. 2d 903 (1972). In the present case the Montgomery County Housing Authority is the owner of the apartment where the accident is alleged to have occurred. Under these circumstances, the Housing Authority should certainly be considered a principal defendant for the purpose of fixing venue.

This court concludes, notwithstanding the above rulings granting defendants' motion for a more specific complaint and denying the protective order, that the interests of convenience and necessity of the parties will best be served by transferring this entire matter from Philadelphia County to Montgomery County.

Lastly, defendant, Marshall-Silver Construction Company, filed preliminary objections to the new matter, cross-claim of defendant, Ventriglia Tile Company. Marshall-Silver Construction Company contends that the new matter fails to set forth any facts to support Ventriglia's allegation that plaintiff's injuries and damages were caused by the negligence and carelessness of the Marshall-Silver Construction Company. The new matter states that if plaintiff's injuries were the result of negligence, it was the negligence of all the other defendants and not Ventriglia Tile Company.

Ventriglia's new matter is merely a general denial of the averments of the complaint and as such is inadequate and must be stricken: Snyder v.

Trout, 38 Northumb. 28 (1965). Ventriglia may file an amended pleading within 20 days of this opinion and order.

## ORDER

And now, January 11, 1978, it is hereby ordered, adjudged and decreed that the motion of defendant, Montgomery County Housing Authority, for a protective order is denied; the motion of defendant, Marshall-Silver Construction Company, for a protective order is denied; the preliminary objections of defendant, Montgomery County Housing Authority, in the nature of a motion for a more specific pleading are sustained; the preliminary objections of defendant, Marshall-Silver Construction Company, in the nature of a motion for a more specific pleading are granted; the preliminary objections of defendant, Marshall-Silver Construction Company, to the new matter of defendant, Ventriglia Tile Company, are sustained; and the preliminary objections of defendant, Montgomery County Housing Authority, in the nature of a motion for change of venue, are sustained, and the case is transferred to Montgomery County.