## Calderone v. Balsis

*Benjamin Kirby,* for plaintiff.
*Harry A. Short,* for Chrysler Corp.
*Hugh J. Hutchison,* for defendant.

WHITE, *J.,* December 8, 1983—Before the court are three sets of preliminary objections filed on behalf of defendants, John Balsis, Chrysler Corporation and the Commonwealth of Pennsylvania, Department of Transportation (PennDOT). Upon due consideration of the same, as well as the answers of plaintiffs in opposition thereto, said objections are sustained pursuant to Pa.R.C.P. 1006(d)(1).

Plaintiffs commenced the instant action as the result of the death of their son in an automobile collision involving a motor vehicle allegedly operated in a negligent fashion by defendant, John Balsis. According to plaintiffs complaint, said collision occurred at the intersection of Route 61 and Ridge Road in Schuylkill County, Pa. In response thereto, each of the parties named as defendants herein have filed preliminary objections to venue. Specifically, John Balsis and PennDOT maintain that venue is originally improper with respect to the Commonwealth of Pennsylvania, or in the alternative, the matter should be transferred to Schuylkill County under the doctrine of forum nonconveniens pursuant to Pa. R.C.P. 1006(d)(1). Moreover, defendant, Chrysler Corporation, challenges venue pursuant to Pa.R.C.P. 1006(d)(1).

The transfer of actions within this Commonwealth is governed by Pa.R.C.P. 1006. Where venue is wrongly laid, Rule 1006(e) governs the transfer. If a transfer is sought where venue has been properly obtained, however, Rule 1006(d) controls, includ-

ing transfers for the convenience of parties and witnesses under Rule 1006(d)(1).[1] In either instance, the transfer must be to a county in which venue might have been properly laid initially. United States Cold Storage Corporation v. Philadelphia, 431 Pa. 411, 416, 246 A.2d 386 (1968).

The first question this court must address, therefore, is whether venue over PennDOT was initially proper. 42 Pa.C.S. §8523(a) provides in pertinent part:

"Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose." 42 Pa.C.S. §8523(a). The statute is ambiguous as to which counties with "local offices" can be proper forums, i.e., is venue proper in any county in which a "local office" is located or only in the county where the "local office" responsible for that county in which the cause of action arose is located.

The purpose of §8523(a) is analogous to the doctrine of forum non conveniens, i.e., to protect the Commonwealth from the inconvenience and expense of having its employees called away to all corners of the state in order to defend actions. Cf. Peaceman v. Cades, 272 Pa. Super. 568, 416 A.2d 1042 (1979) (discussing the purposes behind a similar rule, Pa. R.C.P. 2103(b), controlling venue over political subdivisions); Kuehn v. National Freight, Inc., Court of Common Pleas, April term,

---

1. A recent amendment to Rule 1006(d) also allows for a transfer where venue was properly laid if the court finds that a "fair and impartial" hearing is not possible. Pa.R.C.P. §1006(d)(2).

1982, no. 1287 (September 24, 1982) (analogizing the doctrine of forum non conveniens with the purposes behind §8523(a)). However, the General Assembly, taking into consideration plaintiff's need for some flexibility in his choice of venue, so that he might resolve all his claims in one action, listed several alternative forums where venue would be proper. Because allowing venue in any county where a "local office" is located will not defeat the purpose of §8523 (a), and will increase plaintiff's chances of being able to resolve all his claims in one action, this court will allow venue in an action against a Commonwealth party to lie in any county where a "local office" of that party is located.[2] Venue was therefore properly laid as to PennDOT in Philadelphia County.

The second question is whether venue over defendants Balsis and Chrysler Corporation is proper under Rule 1006. That rule states:

"(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in

---

2. We note here that the limited interpretation of §8523(a), allowing venue only in the county where the "local office" responsible for that county in which the cause of action arose is located, was proposed by the attorney general, 11 Pa.Bull. 2914 (August 22, 1981), redrafted following a "comment from the Civil Procedure Rules Committee of the Supreme Court of Pennsylvania to the effect that the statutory law of Pennsylvania did not permit venue to lie as proposed. . . .," 11 Pa.Bull. 4443 (December 26, 1981), and finally withdrawn altogether. 12 Pa.Bull. 433 (January 30, 1982). Additionally, the authority of the attorney general to designate local and principal offices of Commonwealth agencies, Act of September 28, 1978, P.L. 788, §3, has been exercised for purposes of service of process only. 37 Pa. Admin. Code §111.1 (Shephards 1982).

any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b)." Pa.R.C.P. 1006(c). Although the Commonwealth is a party defendant in this action, it is the clear intent of this rule to prevent the Commonwealth from being sued in a county only if it could not otherwise be sued in that county.[3] Since the Commonwealth party was already amenable to suit in Philadelphia County, venue is proper as to defendants Balsis and Chrysler Corporation pursuant to Rule 1006(c).

Where venue is proper as to all defendants, a petition to transfer for the convenience of parties and witnesses may be brought in accordance with Rule 1006(d)(1). It is then within the discretion of the court to determine whether to effectuate a transfer. Tarasi v. Settino, 223 Pa. Super. 158, 298 A.2d 903 (1972). The Superior Court has discussed the practical considerations to be weighed:

"Important considerations in this area are the relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possible need for

---

3. This court is mindful of the Superior Court's recent decision in Morrison v. Spears, 298 Pa. Super 521, 445 A.2d 110 (1982), in which that court held that when both the Commonwealth and a political subdivision are party defendants, Rule 1006(c) does not control Rule 2103(b), which defines proper venue over political subdivisions. However, the issue before this court, whether Rule 1006(c) is made inapplicable whenever the Commonwealth is a party defendant, was not squarely before the Morrison court. Additionally, Rule 2103(b) had been abrogated for all practical purposes by the enactment of 42 P.S. §20043 (1980), redefining venue over local agencies for purposes of the limited exceptions to governmental immunity of local parties. 42 Pa. C.S. §§8541 et seq.

a view of the premises, if such would be appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive." Dougherty v. Inland Tugs Company, 240 Pa. Super. 527, 530, 359 A.2d 465, 466 (1976).

This court recognizes that although these factors are to be weighed heavily in favor of plaintiff's choice of forum, Tarasi v. Settino, supra at 162, 298 A.2d at 905, citing Walker v. Ohio River Co., 416 Pa. 149, 205 A.2d 43 (1964), they cannot be weighed blindly or without due consideration for all of the litigants and the judicial system.

According to the deposition of John Balsis submitted in accordance with the order of this court dated September 7, 1983, the following considerations have been established for the purpose of determining where the instant lawsuit should be litigated:

(1) the situs of the alleged collision in or around the intersection of Route 61 and Ridge Road in Schuylkill County;

(2) John Balsis resides in Schuylkill County;

(3) Potential fact witnesses are located in Schuylkill County;

(4) the investigating police officer resides in or around Schuylkill County.

Thus postured, and especially in light of the fact that plaintiffs are residents of Schuylkill County, it is the opinion of this court that the requisite basis for a transfer of venue has been established.

### ORDER

And now, this December 8, 1983, upon due consideration of the preliminary objections filed on behalf of defendants, John Balsis, Chrysler Corporation and the Commonwealth of Pennsylvania, Department of Transportation, and the answer of plaintiff in opposition thereto, it is hereby ordered

and decreed that said preliminary objections are sustained with respect to Pa.R.C.P. 1006(d)(1) and overruled with respect to the allegations of improper venue.

Pursuant to Pa.R.C.P. 1006(d)(1), the prothonotary of this court is directed to forward certified copies of the relevant papers filed in this action to the Prothonotary of the Court of Common Pleas of Schuylkill County.

Defendants herein shall pay the costs and fees for transfer of the record.