## Richard Heckscher et al., Plffs. in Err., v. City of Philadelphia.

A municipal corporation can be sued only in the courts of the county where it is situated.

Whether the action be on a contract or for a tort the rule is the same.

An action of trespass on the case against the city of Philadelphia for negligently flooding the plaintiff's mine in Schuylkill county, by mining operations conducted in that county by the city, as a trustee, cannot be maintained in the courts of Schuylkill county.

(Argued April 19, 1887. Decided May 2, 1887.)

January Term, 1886, No. 225, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ. Error to the Common Pleas of Schuylkill County to review a judgment making absolute a rule to show cause why the writ should not be quashed and the service of the writ set aside in an action of trespass on the case for negligence. Affirmed.

On July 21, 1881, this action was instituted in the court of common pleas of Schuylkill county, by Richard Heckscher, C. August Heckscher, and Jacob Glover, trading as Richard Heckscher & Company, against the city of Philadelphia, and the sheriff of the said county made a return of service as follows:

"Served on the defendant by giving to Heber S. Thompson, engineer of the Girard estate, at his office, in the borough of Pottsville, a true and attested copy of this writ, and making known to him the contents thereof, August 8, 1881; and by giving to Samuel C. King, mayor of the city of Philadelphia, and Henry M. Phillips, president of the board of city trusts, at their respective offices, in the city of Philadelphia, each a true and attested copy of this writ, and making known to them the contents thereof, both on September 3, 1881."

On September 7, 1881, counsel for the defendant (appearing specially for that purpose) applied for and obtained a rule on

NOTE.—In addition to the authorities cited in the opinion, the same principle is upheld in Church v. Scranton, 2 Kulp, 515; Chester City v. Philadelphia, 8 York Legal Record, 49. In the latter case it was said that an injunction would be granted in cases of necessity to prevent the agents of the municipality from committing the nuisance in another county.

the plaintiffs to show cause why the service of the writ, as made and returned by the sheriff, should not be set aside and the writ quashed. Pending the argument and disposition of the said rule an appearance was entered, September 13, 1881, by William Nelson West, Esq., city solicitor of Philadelphia, for the defendant.

Subsequently, a rule on the plaintiffs was granted to show cause why the appearance entered should not be withdrawn, for the reason that the appearance was improperly entered under a misapprehension, Mr. West not having been authorized to enter such appearance for the defendant.

On January 29, 1883, the rule to show cause why William Nelson West should not be permitted to withdraw his appearance for the defendant was made absolute. The rule on the plaintiffs to show cause why the service of the writ should not be set aside and the writ quashed was discharged, to which action of the court below the counsel for defendant took exception, and the court sealed a bill.

On December 3, 1884, the declaration was filed; the first count averred a demise to plaintiffs of certain mining rights and privileges in the tract of land known as the "511-acre tract," situate in West Shenandoah, in the county of Schuylkill, and the entry of plaintiffs thereon; and thereupon the erection of a large and expensive breaker, colliery, and improvements at an expense of $100,000 and upwards, the wrongful erection and building of dams or reservoirs of water over and near the said premises and colliery of plaintiffs by defendant's filling of said reservoir and dams with large quantities of water in such a way, and in such a manner, as to endanger the workings and colliery of plaintiffs, and so as to place the lives of the workmen and employees of plaintiffs in such jeopardy that they could not and would not remain at work in the colliery and premises of plaintiffs, and also in such a way and manner that large quantities of water flowed into the said colliery of plaintiffs, by reason whereof plaintiffs were deprived of their enjoyment of their colliery and leasehold estate, prevented from removing the coal therefrom, and compelled at great expense to pump water out of the plaintiffs' colliery.

The second count averred that the defendant was seised in its demesne as of fee of, in, and to a certain tract of land in Schuylkill county, on which was erected a colliery from which

large bodies of coal have been taken, and mining operations carried on in the same; that the plaintiffs were possessed of a certain other tract of land known as the "511-acre tract," and colliery therein, and thereon erected, adjoining and underlying the said tract of land and colliery of defendant, with the exclusive right and privilege of digging, mining, and taking away coal for a term of years from certain coal beds in that portion of said 511-acre tract, adjoining said lands of defendant, and had opened thereon and therein an expensive colliery for the mining, preparing and shipping coal to market at the expense of $100,000 and upwards; that the defendant had wrongfully diverted large streams of water, then flowing upon the surface of defendant's lands, and caused said streams to flow into and fill up the workings and colliery of defendant, adjoining and overlying the colliery of the plaintiffs, in such a manner as to endanger the workings and colliery of plaintiffs, and to place the lives of the workmen and employees of plaintiffs in such jeopardy that they could not and would not remain at work in said colliery and premises, and also in such a way and manner that a large quantity of said water flowed from said workings of defendant into the colliery and premises of the plaintiffs, whereby the plaintiffs were deprived of the enjoyment and use of their colliery and compelled at great expense to pump the said water out of plaintiffs' colliery.

On December 29, 1884, the defendant pleaded not guilty.

Subsequently, on March 30, 1885, a rehearing of the rule granted on September 7, 1881, to set aside the service and quash the writ, was ordered; and on May 18, 1885, after a reargument, the court below set aside the service of the writ; and this action the plaintiffs assigned as error.

*George M. Dallas* and *Guy E. Farquhar,* for plaintiffs in error.—Section 41 of the act of June 13, 1836 (1 Purdon's Digest, p. 355, pl. 94; Pamph. Laws, p. 579) provides that every corporation aggregate or sole shall be amenable to answer upon writ of summons as aforesaid, and in the case of a corporation aggregate, except counties and townships, service thereof shall be deemed sufficient if made upon the president or other principal officer, or the cashier, treasurer, secretary, or chief clerk of such a corporation, in the manner hereinbefore provided. Section 42 of the same act, 1 Purdon's Digest, p. 355, pl. 95, pro-

vides that in an action for damages occasioned by a trespass or injury done by a corporation, if the officers aforesaid of such corporation, or any of them, shall not reside in the county in which such trespass or injury shall be committed, it shall be lawful to serve the summons upon any officer, or agent of the corporation, at any office or place of business of the corporation within the county; or if there be no such office or place of business, it shall be lawful to serve the summons upon the president, or other principal officer, cashier, treasurer, secretary, or chief clerk in any county or place where they may be found.

Section 37 of the same act, 1 Purdon's Digest, p. 57, pl. 3, provides that in case where a trespass or nuisance has been, or may be, committed on real estate by nonresidents of the county wherein such real estate is situated, it shall be lawful for the sheriff to go beyond his bailiwick into an adjoining county for the purpose of serving any process which may be issued out of the court of the proper county, in suits instituted for the recovery of damages or abatement of nuisance; and such service shall be as good and valid as if the same had been made by the sheriff within his bailiwick.

By the act of March 4, 1862, Pamph. Laws, p. 79, 1 Purdon's Digest, p. 58, pl. 10, it is provided that the words "into an adjoining county," in § 37 of the act of June 13, 1836, be and the same is hereby repealed, and the remedy provided by the said section is extended so as to authorize the sheriff of the proper county, or his deputy, to serve the process in any other county, although such other county may not be adjoining to the county in which the lands lie. Provided, however, that the said recited section of the act of June 13, 1836, shall not be construed to extend to any other than local actions.

Under these statutes the service of the writ upon the mayor of Philadelphia, and president of the board of city trustees, was sufficient.

The effect of the appearance being entered was the same as if the writ had been duly served upon the defendant, and was so returned by the sheriff.

An appearance by a corporation cures defects in the service of process, and is binding on the stockholders. Philadelphia v. Olive Cemetery Co. 6 W. N. C. 238.

Entering a general appearance to the action is to be considered a waiver of both summons and service. Zion Church v. St.

Peter's Church, 5 Watts & S. 217; Hatch v. Stitt, 66 Pa. 264.

As a general rule a public municipal corporation can only be sued in the courts of the county where it is situated; but this rule is not applicable to the present case.

The action in this case is a local one, being for injuries in the nature of a nuisance to land, and suit can only be brought in the county where the land lies. Prevost v. Gorrell, 2 W. N. C. 440, Affirmed in 3 W. N. C. 366.

In Potts v. Pittsburgh, 14 W. N. C. 38, it was held that a sheriff could not without direct legislative authority go outside his bailiwick to make service of process on a municipal corporation, and that §§ 37 and 42 of the act of June 13, 1836, gave him no such power. But that was an action of trespass *quare clausum fregit* for trespass to lands in Westmoreland county.

The city of Philadelphia is the owner of a large body of lands, is extensively engaged in business operations in the county of Schuylkill, and derives an income from its property and operations here of hundreds of thousands of dollars per year. The suit is not brought for any act done by the corporation in the carrying out of any act ordinarily performed or contemplated to be performed by a municipal corporation, but is brought to recover damages for an act done by the city of Philadelphia, as trustee under the will of Stephen Girard, deceased, in carrying on business just as a natural person would, in the course of which a trespass has been committed.

A municipal corporation may be regarded as a private company or individual only as to some of its powers and duties where the same do not belong to the corporate body in its public, political, or municipal character. Bailey v. New York, 3 Hill, 531, 38 Am. Dec. 669; Western Sav. Fund Soc. v. Philadelphia, 31 Pa. 189.

Lehigh Co. v. Kleckner, 5 Watts & S. 181, shows that the remedy was by proceedings under the act of 1836.

Oil City v. McAboy, 74 Pa. 249, is founded upon the convenience and policy of the state, and the limited remedy for payment of debts; but that was an action upon a municipal bond to raise money for public uses; and none of the reasons set forth in that case apply to this.

*S. H. Kaercher, J. W. Ryon,* and *F. Carroll Brewster,* for defendant in error.—There was no act of assembly in existence

under which the sheriff was authorized to go beyond his baili-wick to serve the summons in this case.

A municipal corporation can be sued only in the county where it is situated. A suit in favor of a corporation must be brought against the person, wherever he resides or may be found. It does not follow that because the corporation may bring suit in another county, the same rule may be applied to it when defendant. The reason is not the same, and therefore the law has always been understood to be otherwise. Lehigh Co. v. Kleckner, 5 Watts & S. 186.

Actions against counties are not transitory but local, and must be brought in the courts of the proper county. Oil City v. McAboy, 74 Pa. 250.

Section 37 of the act of June 13, 1836, 1 Purdon's Digest, p. 355, pl. 94, applies only to trespasses committed by non-residents and is not applicable to the defendant in this case. Section 42 of the act of June 13, 1836, has been recently construed not to apply to municipal corporations.

The act of March 4, 1862, P. L. p. 79, 1 Purdon's Digest, 58, does not authorize the sheriff to go beyond his bailiwick to serve process in local actions instituted against municipal corporations. The case of Potts v. Pittsburgh, 14 W. N. C. 38, is decisive of the point.

The entry of an appearance and the filing of a plea did not cure the defects, in the service of the process in this case. The defendant at no stage waived the defect in the service of the writ. The court below set aside the service of the writ upon a reargument of the rule, which had been granted before an appearance was entered for the defendant. Western Sav. Fund Soc. v. Philadelphia, 31 Pa. 189.

PER CURIAM:

It is well-settled law in Pennsylvania, that a municipal corporation can be sued only in the courts of the county where it is situated. Oil City v. McAboy, 74 Pa. 249.

An action against such a corporation is not transitory, but local. Lehigh Co. v. Kleckner, 5 Watts & S. 181.

Whether the action be on a contract or for a tort the rule is the same. Potts v. Pittsburgh, 14 W. N. C. 38.

The writ in this case was improperly served, and the court committed no error in setting aside the service thereof. No act

of the defendant operated as a waiver of the defective service. Judgment affirmed.