Marianelli, Appellant, *v.* General State Authority.

Argued May 27, 1946. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Earl V. Compton,* with him *Charles J. Margiotti, Margiotti & Casey* and *Compton & Handler,* for appellant.

*William M. Rutter,* Deputy Attorney General, with him *Phil H. Lewis,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

PER CURIAM, June 25, 1946:

The question is whether the General State Authority, which was abolished by the Governor's proclamation of January 14, 1946, was liable for interest on an award of arbitrators made in favor of Marianelli, trading as Robert Rosser Construction Company. Instead of printing the record the parties filed a statement of the case

pursuant to Rule 56. Marianelli had agreed with the General State Authority to construct a sewerage system and disposal plant; differences of opinion concerning extra work done were submitted to arbitration for decisions pursuant to a provision in the contract. An award was made which the Authority declined to pay. Marianelli sued on the award and recovered a verdict. It was agreed that interest, if payable, amounted to $5,368.56. The court held the Authority was not liable for interest. The plaintiff appealed.

The General State Authority was created by the Act of June 28, 1935, P. L. 452, 71 P.S. 1707-1 et seq. See *Kelley v. Earle,* 325 Pa. 337, 190 A. 140. It was created "a body corporate and politic constituting a public corporation and governmental instrumentality by the name of the General State Authority." It was composed of the Governor, State Treasurer, Auditor General, Secretary of Internal Affairs, Secretary of Property and Supplies, the Speaker of the House of Representatives, President Pro Tem of the Senate, one citizen appointed by the Governor, one appointed by the Speaker of the House and one appointed by the President Pro Tem of the Senate. There is nothing in the Act to indicate that the legislature intended that the Authority, as an instrumentality of the state government, was to be liable for interest. It is settled in Pennsylvania that the state is not liable to pay interest on its debts unless bound to do so by statute or an authorized contract made by its executive officers, and that governmental agencies engaged as the Authority was, are likewise exempt: *Phila.\* v. Com.,* 276 Pa. 12, 119 A. 723; *Northwestern National Bank v. Com.,* 345 Pa. 192, 27 A. 2d 20; *Culver v. Com.,* 348 Pa. 472, 35 A. 2d 64; *Penna. Turnpike Commission v. Smith,* 350 Pa. 355, 39 A. 2d 139.

By Acts approved May 18, 1945, P. L. 639, 641, provision was made for the abolition of the General State

---

\* The statute involved in the case, the Act of June 22, 1917, P. L. 636, expressly provided for the payment of interest.

Authority, and pursuant to those acts the Governor executed and published the proclamation referred to above.

Order affirmed.