624

United States Cold Storage Corporation *v.*
Philadelphia (et al., Appellant).

Argued May 23, 1967. Before BELL, C. J., MUSMAN-
NO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*William J. O'Brien,* with him *Michael A. Madar,* for
appellant.

*Franklin Poul,* with him *Daniel Promislo,* and *Wolf,
Block, Schorr and Solis-Cohen,* for appellees.

OPINION BY MR. JUSTICE JONES, November 14, 1967:

The General State Authority (General), on this appeal questions the propriety of an order of the Court of Common Pleas No. 2 of Philadelphia County dismissing the Authority's preliminary objections in an equity action. The sole issue is whether *exclusive* venue in litigation wherein the Authority is being sued lies in Dauphin County.

The United States Cold Storage Corporation and Philadelphia Warehousing and Cold Storage Company (Storage Companies), instituted this equity action in Philadelphia County against the City of Philadelphia (City), the Authority, Lavino Shipping Company (Lavino), and Pennsylvania Refrigerated Terminals, Inc. (Terminals), to restrain the construction of a cold storage warehouse as part of a port complex known as the Packer Avenue Marine Terminal. The Storage Companies operate cold storage and refrigerated facilities in the same area wherein this marine terminal is to be constructed with joint financing by the City and the Authority and the marine terminal will be leased to Lavino and the cold storage warehouse unit to be located therein will be leased to Terminals. The gravamen of the Storage Companies' complaint is that, insofar as the Authority is concerned, the proposed construction offends the General State Authority Act (Act of March 31, 1949, P. L. 372, §4, as amended, 71 P.S. §1707.4) which proscribes the exercise of the Authority's power to construct any project which, "in whole or in part, shall duplicate or compete with existing enterprises serving substantially the same purposes" and the contemplated project will duplicate and compete with the Storage Companies' present cold storage and refrigerated facilities.

On the authority of Pa. R. C. P. 1503(c), the Authority urges that Dauphin County alone has venue in any action against it. That Rule provides: "Venue . . .

(c) An action against the head of an executive or administrative department, a departmental administrative board or commission or an independent administrative board or commission, or an officer or *instrumentality of the Commonwealth* may be brought in and only in Dauphin County." (Emphasis added.)

The Authority has the right and power "to sue and be sued, implead and be impleaded, complain and defend" (§4 of the General State Authority Act, 71 P.S. §1707.4(b)) and the legislative language further expressly provides such right to sue and the power to be sued exists "in all courts". Appellees contend the language of that statute is in conflict with Rule 1503(c).

That the Authority is an "instrumentality of the Commonwealth" is well settled (Act of March 31, 1949, P. L. 372, §3, as amended, 71 P.S. §1707.3; *Marianelli v. General State Authority,* 354 Pa. 515, 516, 47 A. 2d 657 (1946)) and, certainly, clearly within the language of Rule 1503(c).

It is argued that the practicalities of the situation require the application of the General State Authority Act and permit suit against the Authority and the City in Philadelphia County. Pa. R. C. P. 2103(b) provides: "Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought in and only in the county in which the political subdivision is located." Under that Rule, it is argued that the City cannot be sued in any county other than Philadelphia County and, if the Authority cannot be sued other than in Dauphin County, then of necessity, two separate actions involving identical issues would have to be instituted by the Storage Companies in two separate counties.

The Authority relies on *Merner v. Department of Highways,* 375 Pa. 609, 101 A. 2d 759 (1954). In *Merner,* an equity action was instituted against the Depart-

ment of Highways, the State Public School Building Authority, Doylestown Borough and Central Bucks Joint School Board in Bucks County. The lower court in *Merner* sustained preliminary objections and this Court affirmed on the ground that venue as to the Department of Highways and the School Authority[1] lay exclusively in Dauphin County under Rule 1503(c). Appellees suggest *Merner* is inapposite: first, because the Department of Highways was *the* dispensable party and Merner could have obtained complete satisfaction in Dauphin County; second, any possible conflict between the venue provisions and the Authority statute was not considered by our Court. The court below distinguished *Merner* on the ground that therein "the head of an executive department of the Commonwealth" and "an instrumentality of the Commonwealth" were involved whereas in the case at bar "an instrumentality of the Commonwealth" and "a political subdivision of the Commonwealth" are involved as to which the Rules of Civil Procedure provide for specific venues. Our reading of *Merner* indicates that it controls the instant situation under the Rules of Civil Procedure in effect when this litigation was instituted.

As an instrumentality of the Commonwealth, under Rule 1503(c), the Authority cannot be sued other than in Dauphin County. The problem presented in the case at bar of having to institute two separate actions involving identical issues in two separate counties has now been solved by the adoption of Rule 1006(c) which became effective September 1, 1967. That Rule pro-

[1] The act which created the School Authority (Act of July 5, 1947, P. L. 1217, as amended, 24 P.S. §791.1 et seq.), *in language identical with the language in the General State Authority Act,* supra, empowers the School Authority "to sue and be sued" in "all courts". See also: Act of June 21, 1937, P. L. 1982, No. 392, §1, 17 P.S. §61, as amended, suspending procedural statutes inconsistent with Rules of Civil Procedure.

vides: "Rule 1066. Venue. Change of Venue. . . . (c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b)".[2] The Rule now will permit suit by the Storage Companies in Dauphin County against both the Authority *and* the City. This Rule, being procedural and not substantive in nature, is applicable to the pending action[3] and such action can now be transferred by the court below from Philadelphia County to Dauphin County under Rule 1006(e), as now amended and a multiplicity of suits can be thus avoided.

Order reversed.

Appellees pay costs.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent, and would affirm the Order of the Common Pleas Court of Philadelphia because the General State Authority Act is directly in point and prevails over a Rule of Civil Procedure.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The statute which created the General State Authority explicitly states that the Authority has the power "to sue and be sued, implead and be impleaded, complain and defend *in all courts.*" Act of March 31,

---

[2] This Rule was not in effect when the court below made its order and was not called to the court's attention.

[3] *King v. Security Co. of Pottstown*, 241 Pa. 547, 551, 552, 88 A. 789 (1913) ; *Kilian v. Allegheny County Distributors*, 409 Pa. 344, 350, 185 A. 2d 517 (1962) ; *Flaherty v. United Engineers & Constructors, Inc.*, 191 F. Supp. 661, 662, 663 (1961).

1949, P. L. 372, §4, as amended, 71 P.S. §1707.4(b). (Emphasis supplied.) Despite the mandate of §51 of the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, 46 P.S. §551 that every statute shall be construed to give effect to all of its provisions, the majority opinion gives no weight to the phrase "in all courts." If §4 of the Act creating the Authority were intended merely to waive sovereign immunity, then this phrase would be surplusage; obviously, this additional phrase was employed by the Legislature to indicate that the usual venue rules governing suits against Commonwealth instrumentalities were not to be applied to the General State Authority.[1] Given this legislative waiver of venue, Rule 1503(c) does not govern this case and suit can be brought in Philadelphia County.

Our decision in *Merner v. Department of Highways,* 375 Pa. 609, 101 A. 2d 759 (1954) does not require a contrary result. It is true that the State Public School Building Authority, a defendant in *Merner,* was created by a statute containing a provision equivalent to the one in controversy, and *Merner* can be read to imply that the School Authority was protected by Rule 1503(c) from Bucks County venue. The impact of the statutory provision permitting suit "in all courts" was not discussed, however, for the simple reason that it

---

[1] The federal courts have ruled upon the effect of similar language vis-a-vis corporate instrumentalities of the United States government. The Supreme Court has uniformly held that the words "to sue or be sued" must be taken in their usual and ordinary sense. *Reconstruction Finance Corp. v. J. G. Menihan Corp.,* 312 U.S. 81, 61 S. Ct. 485 (1941) ; *FHA v. Burr,* 309 U.S. 242, 60 S. Ct. 488 (1940). Venue will therefore lie in any federal district where the corporate instrumentality is engaged in business when the statutory language permits suit " 'in any court of competent jurisdiction, State or Federal.' " See *Seven Oaks, Inc. v. FHA,* 171 F. 2d 947, 948 (4th Cir. 1948). The *Seven Oaks* court insisted that this language was without any ambiguity and could find "no reason" to give a restrictive reading to its clear intent.

would have made no difference in the *Merner* decision. The Department of Highways, another defendant, also submitted preliminary objections based upon Rule 1503 and both the Authority and the Department were held to be indispensable parties. There is no comparable statute permitting the Department to be sued "in all courts." Thus the argument that the statutory waiver of venue would permit suit against the School Authority was never pressed and was irrelevant to our disposition for the suit was improperly brought against the Highway Department, an indispensable party.[2]

Although the transfer provision of Rule 1006(e) does avoid the problem of multiple suits, that is no reason to deprive the appellee of its choice of permissible venues. Furthermore, the legislative waiver of venue as to the General State Authority was probably prompted by a recognition that the Authority's widespread activities in many traditionally nongovernmental areas might result in litigation more conveniently conducted in local forums. For example, in the present litigation, of the six parties involved, only the Authority is not of primarily Philadelphia origin.

I cannot countenance the majority's blithe refusal to give effect to the legislatively commanded waiver of venue, and therefore must dissent.

---

[2] Our *Merner* decision was based upon a premise that Rule 1503 reflected a jurisdictional requirement. In that context, any argument that the phrase "in all courts" contained a waiver of the usual venue requirements would have been fruitless. However, the premise that venue should be equated with jurisdiction was expressly overruled in *McGinley v. Scott*, 401 Pa. 310, 315, 164 A. 2d 424, 427 (1960), an opinion written by the author of this majority opinion.