416 A.2d 1042

**Sharon PEACEMAN, Individually and as Administratrix of the Estate of Jack L. Peaceman, Deceased**

**v.**

**Bertha CADES and Lower Moreland Township.**

**Appeal of LOWER MORELAND TOWNSHIP.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1978.

Filed Dec. 14, 1979.

Reargument Denied Feb. 28, 1980.

Andrew L. Braunfeld, Norristown, for appellant.

Phillip H. Baer, Philadelphia, submitted a brief on behalf of Sharon Peaceman, appellee.

Robert St. Leger Goggin, Philadelphia, submitted a brief on behalf of Bertha Cades, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

CERCONE, President Judge:

This appeal is from the order of the Court of Common Pleas of Philadelphia County, dismissing the preliminary objections of appellant, Lower Moreland Township, as to venue and deputized service. We affirm the decision of the lower court.

The instant case involves a survival action and wrongful death claim arising from a fatal accident which occurred when the car of defendant, Beth Cades, allegedly struck plaintiff's decedent, Jack Peaceman, as he was walking along the road in Lower Moreland Township in Montgomery County. Sharon Peaceman brought this action against both the driver of the car and Lower Moreland Township in Philadelphia County, the county in which the driver, Beth Cades, resides. Lower Moreland Township was served in Montgomery County by deputized service. The township filed preliminary objections alleging that the complaint should be dismissed for improper venue and improper service.[1] The lower court dismissed those preliminary objections and the township appealed.

There are two issues preserved for our review. First whether exclusive venue lies only where a political subdivision is located, regardless of other defendants who are amenable to suit elsewhere; and second, whether deputized service of a political subdivision is authorized in an action at law.

In addressing the first issue, the township contends and Judge Hester's dissent states that the venue of a political subdivision is exclusively controlled by Pa.R.C.P. 2103. This rule provides:

"(b) Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought

---

1. The township's preliminary objections also asserted a demurrer not the subject of this appeal. The demurrer was dismissed by the lower court.

only in the county in which the political subdivision is located."

This rule is explained on the theory that it is in the interest of the public welfare to have municipal officers remain at home to pursue their official duties instead of being called all over the Commonwealth to defend actions. *Heckscher v. Philadelphia*, 6 Sadler 346, 9 A. 281 (1887); *Oil City v. McAboy*, 74 Pa. 249 (1873); *Danchison v. Ryon*, 88 Pa.D. & C. 129 (1954); 6 Goodrich-Amram 2d § 2103(b) (1977); 56 Am.Jur.2d, Municipal Corporations, Counties, and Other Political Subdivisions § 855 *et seq.* (1971).

■ We are not convinced that this is a legitimate public interest. Municipal officers are no different from any other citizens who may be forced to travel in order to defend lawsuits in counties other than where they reside. Furthermore, Pa.R.C.P. 2103(b) does not provide for the situation where there are multiple defendants involved, some of whom may only be amenable to service in a county other than where a defendant-political subdivision is located. Mrs. Peaceman argues that this is when Pa.R.C.P. 1006(c) applies. This rule provides in part:

"(b) Actions against the following defendants, *except as otherwise provided in Subdivision (c)*, may be brought in and only in the counties designated by the following rules: . . . political subdivisions, Rule 2103; . . . corporations and similar entities, Rule 2179.

(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b)." (Emphasis supplied.)

The recognized policy behind this rule is to avoid multiplicity of suits. 1 Goodrich-Amram 2d § 1006(c):1 (1976).

■ The application of Rule 1006(c) to a situation such as the instant one raises the question of the meaning of the word "Commonwealth" within that rule. Mrs. Peaceman

argues that the legislature recognizes the distinction between a political subdivision and the Commonwealth since various rules separately refer to either a political subdivision or the Commonwealth. Following this logic, if the legislature intended to include a political subdivision in the exception to the application of Rule 1006(c), it would have specifically done so. Instead, only the Commonwealth is excepted from the application of Rule 1006(c), and in the multiple defendant situation a political subdivision may be sued in a county other than where it is located. We find this interpretation persuasive in that it will effectuate the purpose behind Rule 1006 which is to "prevent the unnecessary splitting of causes of action because venue might otherwise be unobtainable in the county of a co-defendant." *Ro-Med Constr. Co., Inc. v. Clyde M. Bartley Co., Inc.*, 239 Pa.Super. 311, 315, 361 A.2d 808, 810 (1976).

The instant case is different from *United States Cold Storage Corp. v. Philadelphia*, 427 Pa. 624, 235 A.2d 422 (1967), *on appeal after remand*, 431 Pa. 411, 246 A.2d 386 (1968). In that case an action originally filed in Philadelphia, the defendants were the City of Philadelphia and the General State Authority. It was statutorily established[2] that the General State Authority is an "instrumentality of the state" and could only be sued in Dauphin County pursuant to Pa.R.C.P. 1503(c).[3] However, under Pa.R.C.P. 2103(b), the City of Philadelphia could only be sued in Philadelphia County. The Supreme Court held that since the Commonwealth was a party to the suit through the General State Authority, the exception to Rule 1006(c) ap-

2. Act of March 31, 1949, P.L. 372, § 3, as amended; 71 P.S. § 1707.3. See also *Marianelli v. General State Authority*, 354 Pa. 515, 47 A.2d 657 (1946).

3. At the time the *Cold Storage cases* were decided, Pa.R.C.P. 1503(c) read; "An action against the head of an executive or administrative department, a departmental administrative board or commission or an independent administrative board or commission, or an officer or instrumentality of the Commonwealth may be brought only in Dauphin County." The last phrase has now been amended to read "brought only in the county in which the cause of action arose."

plied and suit was brought in Dauphin County to avoid two separate actions.

The distinguishing fact in the case before us shows that the Commonwealth is not a party to the suit, but the political subdivision of Lower Moreland Township is. Although there is no appellate authority that directly addresses our factual situation, there is some guidance in one lower court case in Pennsylvania which has directly addressed the issue before us. In *Ward v. Tinicum Twp.*, 2 Pa.D. & C.3d 790 (1977), a Philadelphia resident was injured while playing on the grounds of a school building located in the Interboro School District in Tinicum Township, Delaware County. Suit was filed in Philadelphia County where a corporate defendant was doing business.[4] Both the Delaware County school district and the Township objected to venue. The court stressed that:

"[A] plaintiff's right to choose his own forum will only be disturbed for weighty reasons: *Walker v. Ohio River Co.*, 416 Pa. 149, 205 A.2d 43 (1964); *Tarasi v. Settino*, 223 Pa.Super. 158, 298 A.2d 903 (1972); and as pointed out by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 505 [67 S.Ct. 839, 91 L.Ed. 1055] (1947), 'plaintiff's choice of a forum cannot be defeated.'" 2 Pa.D. & C.3d at 793.

The court reasoned that in order to read any meaning into Rule 1006(b) and (c), it must conclude that Rule 2103(b) governs the venue of a political subdivision unless venue in another county is authorized by Rule 1006(c). The only exception to Rule 1006(c) is when the Commonwealth itself is a party. Political subdivisions are not specifically excepted as they are under other rules of procedure. Venue was then proper since the corporate defendant was amenable to venue in Philadelphia County under Rule 1006(c).

4. It has been held that an area joint school system is not a "political subdivision" within the meaning of Pa.R.C.P. 2103(b). *Ritter v. Boyertown Area Joint School System*, 30 Pa.D. & C.2d 166, 81 Montg.Co.Rep. 195 (1962).

We find the reasoning in the above cases applicable to the case at bar. Venue was proper in Philadelphia County as to the driver of the vehicle, Beth Cades, pursuant to Pa.R.C.P. 1042. Although Rule 2013 would usually apply to the proper venue when suing a political subdivision, Rule 1006(c) allows the suit against Lower Moreland Township to be brought in Philadelphia County. This holding as a matter of law does not defeat the public policy behind Rule 2103(b), since the Township can still petition the court for a transfer of the case if it is truly an inconvenience for the political subdivision to defend elsewhere. Pa.R.C.P. 1006(d). The decision to transfer on the basis of forum non-conveniens would then be within the discretionary powers of the lower court judge. There are situations where it may actually be more convenient for a political subdivision to defend in a county other than where it is located, especially if the political subdivision is closer to the county seat of an adjoining county.

■ This resolution of the first issue logically answers the second question concerning deputized service. The township argues that Rule 2104(c)[5] governs the exclusive method of service of process upon a political subdivision. Under this rule, deputized service upon a political subdivision is not specifically authorized. Such deputized service is only authorized in an action in equity under Rule 1504(b)(1), but not in an action at law. *Alan Wood Steel Co. v. Philadelphia School Dist.*, 425 Pa. 455, 229 A.2d 881 (1967); *Taxpayer's Ass'n. of North Schuykill School Dist. v. North Schuykill School Dist.*, 52 Pa.D. & C.2d 128 (1970); *Danchison v. Ryon*, supra. However, we believe that Rule 1006(c) governs the instant case. Deputized service is specifically provided for under Rule 1009(e) which provides:

5. Pa.R.C.P. 2104(c) reads: "Service shall be made upon a political subdivision by handing a copy of the writ or the complaint, if the action is commenced by complaint, to an agent duly authorized by the political subdivision to receive service of process, or to the mayor, to the burgess, or to the president, chairman, secretary or clerk of the tax levying body thereof, and in counties where there is no tax levying body, to the chairman or clerk of the board of county commissioners."

"When an action . . . is brought against two or more defendants under Rule 1006(c), the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had."

As the lower court opinion stated, "To hold that the action against a political subdivision in a county other than the county of its *situs* is permissible but that deputized service on a political subdivision is impermissible would fly in the face of the requirement that '[i]n ascertaining the intention of the Supreme Court in the promulgation of a rule, the courts may be guided by the following presumption . . (a) The Supreme Court does not intend a result that is absurd, impossible of execution, or unreasonable . . . Pa.R.C.P. 128.' " We hold that in this case, the deputized service upon Lower Moreland Township was proper under Pa.R.C.P. 1009(e).

Order of the lower court affirmed.

HOFFMAN, J., concurs in the result.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting:

I respectfully dissent.

Pa.R.C.P. Rule No. 2103(b) provides:

(b) Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.

The rule is clear. Actions against political subdivisions must be brought in the county in which the political subdivision is located, except:

1. When the Commonwealth is the plaintiff; or

2. When otherwise provided by an Act of Assembly.

The Commonwealth is not the plaintiff in the within litigation. I am not aware of an Act of Assembly that

would permit the township to be sued outside of Montgomery County. It would therefore follow that the action instituted by appellee against the township in Philadelphia County is in violation of Rule 2103(b).

It is not in dispute that it has long been law of this Commonwealth that a political subdivision may be sued only in the county wherein it is situate. It was the Common Law Rule on the subject for many years prior to its incorporation, by the Supreme Court, into the Rules of Civil Procedure. Our Supreme Court has reiterated that doctrine on many occasions. In *Alan Wood Steel Co. v. Philadelphia School District*, 425 Pa. 455, 229 A.2d 881 (1967), the court quoted with approval the reasoning set forth in *Danchison v. Ryon*, 88 Pa.D. & C. 129:

" . . . The general rule laid down by Pa.R.C.P. 2103(b) is simply declaratory of the Pennsylvania common-law rule on the subject. In this State, the common-law rule did not depend alone on a public policy against calling municipal officers all over the State to defend actions, while their official duties at home remained unattended to. Equally cogent reasons were that the legislature had not enacted legislation for extracounty service of original process on political subdivisions (*Potts et al., v. Pittsburgh*, 14 W.N.C. 38); and that the legislature had also failed to enact legislation whereby a money judgment could be executed against a political subdivision having an extra-county situs: *Lehigh County v. Kleckner*, 5 W. & S. 181, 187–188; *Oil City v. McAboy*, 74 Pa. 249, 251. No such *general* legislation has been enacted to this date. It is therefore reasonable to infer that the statutory exceptions contemplated by the Supreme Court in adopting Pa.R.C.P. 2103(b) refer only to such venue statutes as reveal a clear and specific legislative intent to abrogate the common-law rule with regard to actions against political subdivisions." 88 Pa.D. & C. at 133.

The majority states:

"We are not convinced that this is a legitimate public interest. Municipal officers are no different from any

other citizens who may be forced to travel in order to defend lawsuits in counties other than where they reside. Furthermore, Pa.R.C.P. 2103(b) does not provide for the situation where there are multiple defendants involved, some of whom may only be amenable to service in a county other than where a defendant-political subdivision is located." P. 1044.

It would be difficult to structure a situation wherein there could exist a more "legitimate public interest" than defending a legal action against a political sub-division, against the public itself. To state that: for a mayor, councilman, township supervisor, school director, tax collector, county commissioner, county controller, etc., etc., etc., to engage in the defense of a lawsuit against the borough, township, city, school district or county wherein they serve as an elected official is not a "legitimate public interest," or renders them "no different from any other citizens" is completely beyond reason. The failure to defend would constitute a serious breach of their official responsibility.

In addition, a defendant amenable to service in any county is certainly amenable to deputized service in that county.

The majority, and the court below, are of the opinion that, in as much as R.C.P. 2103(b) makes no provision for situations wherein multiple defendants are involved with a defendant political subdivision, 2103(b) does not apply and that R.C.P. Rule No. 1006 is applicable. This Rule provides in part:

(b) Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules: defendants who are non-residents or conceal their whereabouts, Rule 2078; political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.

(c) An action to enforce a joint or joint and several liability against two or more defendants, *except actions in which the Commonwealth is a party defendant,* may be brought *against all defendants in any county in which the*

*venue may be laid against any one of the defendants* under the general rules of Subdivisions (a) or (b)." (Emphasis supplied.)

The majority, and the Court below, agree that Rule 1006(c), and Rule 2103(b) are inconsistent. The majority has decided that 1006(c) is controlling and that political subdivisions may be sued in a county other than there own, when service is obtained upon a codefendant in said county.

This is not in accord with the Rules of Construction promulgated by our Supreme Court. Pa.R.C.P. 132 provides:

"Whenever a general provision in a rule shall be in conflict with a particular provision in the same or another rule, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the particular provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be promulgated later and it shall be the manifest intention of the Supreme Court that such general provision shall prevail."

Rule 2103(b) is a particular provision relating to venue in actions against political subdivisions, and Rule 1006(c) is a general venue provision. The policies behind the two rules can be easily harmonized by requiring that an action against a political subdivision and other defendants be instituted in the county where in the political subdivision is located. This gives effect to the policies behind Rule 2103(b), avoidance of having municipal officers travel all over the Commonwealth to defend lawsuits, and also gives effect to the policy behind Rule 1006(c), avoidance of multiplicity of actions, as the other defendants can be sued in the same county as the political subdivision under the provisions of that rule.

To accept the majority's interpretation and decision to subordinate the provisions of Rule 2103(b) to the policies against multiplicity of actions is to exalt the latter policy and render the former meaningless. It not only fails to

reconcile the two provisions, but runs afoul of another rule of construction, Pa.R.C.P. 128(e):

"In ascertaining the intention of the Supreme Court in the promulgation of a rule, the courts may be guided by the following presumptions among others:

* * * * * *

(e) That the Supreme Court intends to favor the public interest as against any private interest;

In view of the long standing policy in the law of Pennsylvania against calling municipal officers all over the state to defend actions, I submit that the matter of the public interest should be paramount and Rule 2103(b) must be applied to the within fact situation.

The majority states: ". . . if the legislature intended to include a political subdivision in the exception to the application of Rule 1006(c), it would have specifically done so." (P. 1044)

I respectfully submit the Rules of Civil Procedure are not products of the Legislature. They were promulgated by the Supreme Court. It is more logical to reason that in view of long recognized public policy if the Supreme Court intended to permit political subdivisions to be sued in a different county, when service was obtained upon a co-defendant therein, a specific provision would have been added to Rule 2103(b). That rule specifically provides that a political subdivision can be sued in an outside county only when it is so provided by an Act of Assembly or when the Commonwealth is the Plaintiff, and "it is therefore reasonable to infer that the statutory exceptions contemplated by the Supreme Court in adopting Pa.R.C.P. 2103(b) refer only to such venue statutes as reveal a clear and specific legislative intent to abrogate the common-law rule with regard to actions against political subdivisions." (*Alan Wood Steel Co.*, supra)

The majority relies upon *Ward v. Tinicum Twp.*, 2 Pa.D. & C.3d 790 (1977) wherein the Common Pleas Court of Philadelphia County in a situation identical to the case at bar,

permitted Tinicum Township, a political subdivision situate in Delaware County to be sued in Philadelphia County along with several co-defendants, service upon a corporate co-defendant having been made in Philadelphia County.

An examination of the *Ward* opinion reveals that that court structured its reasoning, in a major degree, upon our Supreme Court's opinion in *United States Cold Storage Corp. v. City of Philadelphia, General State Authority, et al.,* 427 Pa. 624, 235 A.2d 422 (1967) and on remand, 431 Pa. 411, 246 A.2d 386 (1968). There the suit was filed in Philadelphia County. The Supreme Court then ruled that inasmuch as the co-defendant, General State Authority, was an instrumentality of the State, under R.C.P. 1503(c), suit must be brought in Dauphin County. This was also an application of the provisions of Rule 1006(c) which expressly excluded the Commonwealth. The Commonwealth was a party defendant, the interests of the Commonwealth are paramount in such a situation. In the event the Commonwealth had not been a defendant; that case would of necessity, been tried in Philadelphia County.

From the *Cold Storage v. Philadelphia General State Authority* case, the *Ward* court concluded:

"The Supreme Court . . . ruled specifically that Rule 1006(c) permits a political subdivision to be sued out of its home county in actions involving multiple defendants. Noting that the problem of having to institute separate actions in two or more separate counties was just the type of situation that Rule 1006(c) was designed to eliminate, the court concluded that [t]he Rule now will permit suit by the Storage Companies in Dauphin County against both the Authority and the City."

Thus, it is clear that where *multiple party actions* are involved and venue as to any one defendant is proper in a county other than that of defendant political subdivision, the political subdivision cannot invoke the provision of Pa.R.C.P. 2103(b) to protect itself from having to defend

its action in that other county. Any other interpretation would completely emasculate the 'except as otherwise provided in subsection (c)' language of Rule 1006(b), which clearly mandates that only where Rule 1006(c) does not provide for proper venue, is Rule 2103 to be involved." (2 Pa.D. & C.3d 795)

The above conclusion is not substantiated by the *Cold Storage* opinion. Our Supreme Court there held, in effect, that Rule 1006(c) permits a political subdivision to be sued out of its home county in actions wherein, and only wherein, the Commonwealth is a co-defendant. The *Cold Storage* opinion correctly applies Rule 1006(c) which expressly excludes the Commonwealth.

The holding in *Cold Storage* cannot be applied to the case at bar, the Commonwealth is not a co-defendant.

The majority, the court below and the *Ward* Court have misapprehend and improperly extended the *Cold Storage* opinion. The single, logical conclusion that can be drawn from *Cold Storage* is that in instances wherein the Commonwealth and a political subdivision are party defendants, the political subdivision can be compelled to defend in a county other than its home county, at the election of the Commonwealth.

The incident that gave rise to this action in trespass occurred in Lower Moreland Township, Montgomery County. The failure of the Legislature to enact venue statutes that would reveal a clear and specific legislative intent to abrogate the common law rule with regard to actions against political subdivision leads me to conclude that the long standing restriction now encompassed in Rule 2103(b) cannot be subject to the drastic change called for by the majority opinion.

I would sustain the preliminary objections of the township and remand with a directive that the case be transferred to Montgomery County.