445 A.2d 110

Marlene C. MORRISON and George Morrison h/w Appellants,

v.

David J. SPEARS, The Borough of Lansdale and Commonwealth of Pennsylvania, Department of Transportation.

Superior Court of Pennsylvania.

Argued Nov. 4, 1981.

Filed April 23, 1982.

Petition for Allowance of Appeal Denied Sept. 10, 1982.

522

James E. Beasley, Philadelphia, for appellants.

John M. McNally, Jr., Philadelphia, for appellees.

Before SPAETH, BECK and LIPEZ, JJ.

BECK, Judge:

This appeal arises from an action in trespass to recover for personal injuries suffered by Marlene Morrison when a car carrying her husband, George Morrison, and herself collided with that of David Spears at an intersection in Lansdale, Pennsylvania on July 12, 1979. Plaintiffs, Marlene and George Morrison, allege negligent design of the intersection and defective traffic signals as contributing causes. Plaintiffs brought suit in Philadelphia County against Spears, the Commonwealth of Pennsylvania, Department of Transporta-

tion, and the Borough of Lansdale. The Borough filed preliminary objections, moving to dismiss for improper venue. The lower court thereafter transferred the case to Montgomery County. Plaintiffs appealed from the order of transfer and filed a Petition for Reconsideration which was denied.

Appellants argue that the trial should take place in Philadelphia County. We note that the accident occurred in Montgomery County, the Morrisons and Mr. Spears live in Montgomery County, and the Borough of Lansdale is situated in Montgomery County. We add parenthetically that this case has but one tenuous link to Philadelphia County: the Department of Transportation has an office in Philadelphia. The lower court noted that this defendant also maintains offices in Montgomery County.

It appears that venue in this case was properly transferred pursuant to Pa.R.C.P. 2103(b) and 1006(c). The former states:

> Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.

Appellants assert that where there are multiple defendants, Pa.R.C.P. 1006(c) controls. That rule states:

> An action to enforce a joint or joint and several liability against two or more defendants, *except actions in which the Commonwealth is a party defendant,* may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

(Emphasis added.)

Appellants cite *Peaceman v. Cades,* 272 Pa.Super. 568, 416 A.2d 1042 (1979), for the proposition that where there are multiple defendants "a political subdivision may be sued in a county other than where it is located." *Id.,* 272 Pa.Super. at 572, 416 A.2d at 1044. That case, however, did not involve the Commonwealth as a party. The *Peaceman* court cor-

rectly concluded that when the Commonwealth is not a party and there are two or more defendants, the action may be brought in any county in which any one of them may be served. But it is apparent that when the Commonwealth is a party, as in the instant case, venue in an action against a political subdivision is governed by Rule 2103(b). Therefore, venue was transferred properly to Montgomery County wherein the political subdivision of Lansdale is located.

Order of the lower court is affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

Rule 2103 provides (with exceptions not here relevant) that "an action against a political subdivision may be brought only in the county in which the political subdivision is located." From this it would seem that the Borough of Lansdale could only be sued in Montgomery County. But Rule 1006(b) makes Rule 2103 subordinate to Rule 1006(c); and Rule 1006(c) provides that all defendants may be sued where any defendant may be, so that the Borough of Lansdale *could* be sued in Philadelphia County "except [when] the Commonwealth is a party defendant." Here, of course, the Commonwealth *is* a party defendant. But on the facts here, that doesn't matter. The Commonwealth could *already* be sued in Philadelphia, since the Department of Transportation had an office there. It seems to me that the "except" clause in Rule 1006(c) is intended to protect the Commonwealth from suit only in a county in which it could not, but for Rule 1006(c), be sued. *See United States Cold Storage v. Philadelphia*, 427 Pa. 624, 235 A.2d 422, *after remand*, 431 Pa. 411, 246 A.2d 386 (1968) (Philadelphia and several other defendants could be sued in Dauphin County because General State Authority was a defendant and could only be sued there).

If the Borough of Lansdale had pleaded *forum non conveniens*, the case would be different. But it did not.

I should reverse.