532 A.2d 913

Pauline Alter et al. *v.* Pennsylvania Gas and Water Company et al. *v.* Commonwealth of Pennsylvania, Department of Environmental Resources et al., Appellants.

David E. Capriari et al. *v.* Pennsylvania Gas and Water Company et al. *v.* Commonwealth of Pennsylvania, Department of Environmental Resources et al. *v.* Poco-Spring Sewer Company, a/k/a Poco-Spring Water and Sewer Company, a/k/a Roaring Brook Estates. Springbrook Township et al., Appellants.

Argued April 20, 1987, before Judges CRAIG and PAL-
LADINO, and Senior Judge BLATT, sitting as a panel of
three.

*John E. V. Pieski,* for appellants, Springbrook Township, Covington Township, Elmhurst Township and Moscow Borough.

*John G. Whelley, Jr.,* with him, *Perry J. Shertz, Rosenn, Jenkins & Greenwald,* for appellee, Pennsylvania Gas & Water Company.

*Laurence S. Berman,* with him, *Arnold Levin, Levin & Fishbein,* and *Michael J. Cefalo* and *Thomas J. Foley, Jr., Thomas J. Foley, Jr., & Associates,* for appellees, Pauline Alter et al. and David E. Capriari et al.

OPINION BY JUDGE BLATT, October 20, 1987:

Before us are orders arising from two cases in the Court of Common Pleas of Luzerne County, which granted the motions for change of venue filed respectively by Pauline Alter et al. and David E. Capriari et al. (collectively appellees) and recommended to the Pennsylvania Supreme Court that Bucks County be designated as the county to which the cases should be transferred. The cases have been consolidated for consideration by this Court.

The cases involve complaints filed by the appellees against the Pennsylvania Gas and Water Company (PGW) and other water companies, and Springbrook Township, Roaring Brook Township, Covington Township, Elmhurst Township and Moscow Borough (collectively the municipalities), and various Commonwealth

agencies who were joined as additional defendants. All of the municipalities here concerned are located within Lackawanna County. The appellees are seeking damages from PGW and the municipalities as a result of an outbreak of giardiasis in certain areas of Luzerne County over the past several years. Subsequent to the filing of the complaint, PGW and various municipalities filed preliminary objections. Before the preliminary objections had been ruled upon, however, the appellees filed motions for transfer of the actions to Bucks County. There were answers to the transfer motions and replies to new matter. The Luzerne County Court then granted the transfer motions and these appeals ensued pursuant to Pa. R. A. P. No. 311(c) (providing for interlocutory appeals as of right in orders which change the venue of a case or transfer it to a court of coordinate jurisdiction).

The municipalities assert two grounds for error. First, they maintain that the trial court erred in not ruling upon the preliminary objections prior to ruling upon the transfer motion. Second, they assert that, even if the Luzerne County Court has authority to transfer, such transfer was erroneous where the trial court did not hold a hearing on the matter. We shall consider these issues seriatim.

The municipalities seem to be arguing that, until the common pleas court determines, *inter alia,* whether or not it had venue, whether or not the complaint was lacking in specificity, and whether or not the complaint stated a cause of action, it could not decide the transfer issue because (1) unless the court had venue it, in essence, lacked authority to decide the transfer issue, (2) unless the complaint was sufficiently specific, the trial court could not determine whether a fair and impartial hearing could be held in Luzerne County and (3) if the demurrer were sustained, no transfer would be needed.

It is a fundamental and basic concept that any court has jurisdiction to decide if it has jurisdiction or venue. And, should it decide that it lacks venue in an instance where there has been a proper objection to venue, then the court must transfer or dismiss the case, for it is without legal authority to do anything else. Here, the municipalities assert that the Luzerne County Court did not have venue because, where there is a municipal defendant, pursuant to Pa. R.C.P. No. 2103(b), venue is proper only in the county where the political subdivision is located. Although the lower court did not directly decide this question, we believe that, pursuant to *Peaceman v. Cades,* 272 Pa. Superior Ct. 568, 416 A.2d 1042 (1979), the trial court did have venue. *Peaceman* held, *inter alia,* that, pursuant to Pa. R.C.P. No. 1006(c) (providing that where there are multiple defendants, except the Commonwealth, any action can be brought where venue is authorized against any defendant) venue against a political subdivision lies not only in the county where the political subdivision is located but also in any county where other defendants are amenable to suit. PGW does business in Luzerne County and we believe, therefore, that the action could properly be commenced in Luzerne County pursuant to Pa. R.C.P. No. 2179(a) (pertaining to venue for corporations and similar entities). Accordingly, we will hold that the Luzerne County Court had venue and, therefore, the authority to determine the transfer of the case.[1]

---

[1] *Morrison v. Spears,* 298 Pa. Superior Ct. 521, 445 A.2d 110 (1982), upon which the municipalities rely for the proposition that the Luzerne County Court lacked venue is inapplicable. *Morrison* dealt with a situation where the Commonwealth was an *original* defendant and held that, in such instance, the exception in Pa. R.C.P. No. 1006(c) requiring, in essence, that proper venue for the Commonwealth controls where venue rules conflict because of multiple defendants, applied. Here, however, the Commonwealth is an *additional* defendant and its later joinder cannot deprive the plain-

As to the question of whether or not the other preliminary objections needed to be decided prior to transfer, we note that no authority is cited for that proposition. We, however, do not believe that these preliminary objections had to be ruled upon by the transferring court because (1) they can be raised before the transferee court and (2) the transferee court had already attained jurisdiction over similar cases, via transfer, and will be well equipped to rule on the preliminary objections. We find no error, therefore, in the trial court's failure to rule on the demurrer and the preliminary objections pertaining to the specificity of the complaint.

The municipalities also assert that transferring the case without first holding a hearing was improper. Pursuant to Pa. R.C.P. No. 1006(d)(2), the Court "upon petition and hearing" can direct transfer if "it finds that a fair and impartial trial cannot be held in the court for reasons stated of record." Normally, of course, a hearing would be required. In this case, however, the trial court noted that, in prior giardiasis cases, PGW and the municipality had entered into stipulations requesting that the cases be transferred to Bucks County, because the judges of Luzerne County and their families were potential class members in the giardiasis litigation.[2] We

---

tiff of venue, *see Kuehn v. National Freight, Inc.,* 29 Pa. D. & C. 3rd 149 (1982), especially since the various rules governing venue deal only with the question of in which forum an action can be *brought, i.e.* commenced. Thus, we deem *Peaceman* to be controlling.

[2] Moscow Borough's name does not appear in either of the stipulations and Elmhurst Township's name appears only in one. This point is not alleged as a basis for error on appeal. Further, the Commonwealth had not entered into the stipulations. But, because it has filed no briefs in this appeal, we will assume that it has no objection to the transfer. We note that, according to the trial court, the Commonwealth believes venue is proper in either Luzerne or Dauphin County. *See* Section 8523(a) of the Judicial Code, 42 Pa. C. S. §8523(a) (providing in cases such as the instant one that venue against the Commonwealth is proper in either Dauphin County or in the county where the cause of action accrued).

find nothing wrong in the trial court's taking judicial notice of these stipulations which had been filed with the Luzerne County Court. Further, the trial court indicated, *inter alia,* that the Pennsylvania Supreme Court had already determined that Bucks County was an appropriate county to handle the litigation and that to allow the municipality to "retract" the stipulations would result in multiple lawsuits.

The question of whether or not to grant a motion for change of venue is one within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *Daugherty v. Inland Tugs Company,* 240 Pa. Superior Ct. 527, 359 A.2d 465 (1976). Further, when considering a motion for change of venue, the trial court should weigh the hardships and conveniences. *Id.* Here the trial court did just that by refusing to allow (or risk) inconsistent decisions or multiple lawsuits. And while the stipulations in the other cases did indicate that the municipalities had not waived their rights to object and assert that venue would be proper in Lackawanna County, we do not deem that fact to render the trial court's decisions here an abuse of discretion.

As for the lack of a hearing on the motion for change of venue, we must hold that, on these narrow facts, where the complaining parties had previously stipulated in similar litigation involving the same underlying facts to transferring the case to Bucks County, the trial court did not err here in taking judicial notice of stipulations filed of record rather than holding a hearing. We must further hold that the stipulations contained sufficient indication that a fair trial could not be obtained in Luzerne County and, therefore, that the transfer was justified. PGW and the municipalities note that some giardiasis cases are still pending in Lackawanna County.

But, the decision to recommend transfer to Bucks County rather than Lackawanna is not, in our view, an abuse of discretion meriting reversal.[3]

Based upon the foregoing opinion, the orders of the trial court are affirmed.

ORDER

AND NOW, this 20th day of October, 1987, the orders of the Court of Common Pleas in the above-captioned matters are affirmed.

---

[3] The municipalities advance an argument here which we are at a loss to comprehend. They seem to assert that, because there was no evidence here of an impartial trial, the stipulations in the other cases were no longer effective under the legal doctrines of failure of consideration and innocent misrepresentation. We do not understand why contract principles are linked to stipulations and know of no requirement that stipulations be entered into only upon consideration, nor can we ascertain how this information is relevant to this case.