## Paradise Streams, Inc. v. Edward Hess Associates, Inc.

*Robert E. Simpson, Jr.,* for plaintiffs.
*Gordon B. Simmons, John B. Dunn,* for defendants.

GRIFO, *J.,* September 14, 1984—This matter comes before the court on two preliminary objec-

tions in the nature of petitions to transfer venue filed by defendants, Edward C. Hess Associates, Inc. and R.K.R. Hess Associates (hereinafter Hess), and by defendants, VEP Associates, Inc. (hereinafter VEP) and VEPCO Construction Company, Inc. (hereinafter VEPCO).

Hess asserts that this court should transfer the action to Monroe County pursuant to Pa.R.C.P. 1006(d) since that county is a more convenient forum for all of the parties. VEP and VEPCO also object to venue in Northampton County as inconvenient. Additionally, VEP and VEPCO assert that venue as to them is improper under Pa.R.C.P. 1006(c).

Before we address the issues set out in defendants' preliminary objections, a brief history of the transactions of the parties is necessary. Sometime in 1974, defendant Hess designed a sewage disposal for plaintiffs' Paradise Stream resort in Monroe County. In order to design the system, Hess performed soil and percolation tests on the property.

Five years later, Cove Haven and defendant VEP entered into a contract whereby VEP agreed to design a new on-site sewage disposal system. Cove Haven made available to VEP the soil tests previously performed by Hess. Thereafter, Cove Haven and VEPCO contracted to construct the system designed by VEP. Plaintiffs now allege that the system does not function properly and that waste is percolating through the soil.

Prior to the filing of the instant action, VEP and VEPCO had filed actions against Cove Haven in Monroe County for monies allegedly due and owing for services and work performed on Paradise Stream. These actions are presently pending before the Monroe County Court (VEP Associates, Inc. v.

Cove Haven, Inc., no. 1646-1982; VEPCO Construction Co. v. Cove Haven, Inc., no. 1647-1984).

## I. IMPROPER VENUE.

In their complaint, plaintiffs aver that Hess regularly conducts business in Northampton County. Venue as to Hess, therefore, is permitted by Pa.R.C.P. 2179(a)(2) and 1006(b), which permit an action to be brought against a corporation in any county where it regularly conducts business.

Defendants VEP and VEPCO maintain no offices and conduct no business in Northampton County. Hence, venue must be laid under Pa.R.C.P. 1006(c) which provides:

"An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)."

VEP and VEPCO argue that venue is not properly laid before this court under 1006(c) because they are not jointly or jointly and severally liable with Hess for the damages alleged by plaintiffs. We must agree with this reasoning. Plaintiffs are suing the groups of defendants (VEP/VEPCO and Hess) in separate counts on independent transactions, separated by a span of five years. Nowhere is it alleged that VEP and/or VEPCO acted jointly or jointly and severally with Hess. "So far as the complaint is concerned, every alleged act . . . was a completely independent act by each individual defendant." Lawson et ux. v. Pittsburgh Post-Gazette, 119 P.L.J. 343 (1971).

Neither is it alleged specifically that the damage resulted from the negligence of "all of the defendants." This would have been at least indicative of joint liability. To the extent plaintiffs allege specific acts and transactions with each defendant in separate counts, several liability is involved. Sharer v. Fox, 51 West. 279 (1969).

Moreover, the very nature of the transactions set forth in the complaint can only point to several liability. The mere fact that these defendants performed work on the same area does not justify a conclusion of joint liability. Additionally, it is not sufficient to meet the definitions of joint or joint and several liability to allege that plaintiffs made available to Hess the soil analyses performed five years previously, and that VEP "reviewed and evaluated the aforesaid information" (Complaint, paragraphs 13 and 14).

The obligations of the two sets of defendants arose from entirely different contracts — the agreement between Cove and Hess and the subsequent agreements between Cove and VEP and VEPCO. Therefore, the liability, if any, from defendants cannot be anything but several. See, Fidelity Philadelphia Trust Co. v. Hale & Kilburn Corp., 24 F. Supp. 3, 12 (E.D., Pa. 1937).

## II. INCONVENIENT FORUM

Even if this court were to find that venue as to all defendants were properly laid, we would still be compelled to transfer the entire action to Monroe County pursuant to Pa.R.C.P. 1006(d).

A plaintiff's choice of forum should not be disturbed except for weighty reasons. Fox v. Pa. Power & Light, 315 Pa. Super. 79, 461 A.2d 805 (1983); Moyer v. U.G.I. Corp., (C.P. Northampton, 1983-C-

357, Franciosa, J.). However, there are strong reasons for transferring this case to an adjoining county where an action is pending concerning the same issues and with the same parties except one.

In Hoover v. Pa. Power & Light, 48 D.&C. 2d 181 (1969), the court was faced with a situation almost identical to that in the present action. An action was pending in adjoining Perry County, filed three years earlier by defendant Pa. Power & Light. Judge Bowman wrote for the court:

"There is no question in this case that this action could have been originated in Perry County in the first instance, nor that the convenience of the parties, particularly plaintiffs, would be best served by proceeding in that county. Another proceeding posing the same issues with the same party litigants except USF&G is pending in that county. If the pendency of that proceeding does not afford a basis for dismissal of this action because the party litigants are not identical, that court can control and consolidate, if necessary, the two cases and dispose of them at less expense to the parties and thereby eliminate the possibility of diverse results which could only prolong the final determination of the issues."

## III. CONCLUSION

Venue as to VEP and VEPCO is improperly laid in Northampton County since there exists no joint or joint and several liability between VEP/VEPCO and Hess as required by Pa.R.C.P. 1006(c). Seven of the ten counts in the complaint relate to VEP and/or VEPCO; the remaining counts are against Hess. Pursuant to Pa.R.C.P. 1006(d) and (e), this court can transfer the entire action to Monroe County where venue as to all counts is proper. Kressley v. Atlantic Richfield Co., 53 D.&C. 2d 689 (1971).

## ORDER OF COURT

And now, this September 14, 1984, in accordance with the foregoing opinion, it is hereby ordered and decreed that the preliminary objections of defendants are sustained. The above-captioned action is transferred to the Court of Common Pleas of the 43rd Judicial District, Monroe County Branch. The prothonotary is directed to transfer certified copies of docket entries, process, pleadings and other papers in this action to the Prothonotary of Monroe County. Costs and fees of removal are to be paid by plaintiffs.