**Wissinger v. Brady**

C.P. of Luzerne County, no. 3792-2010.

*Linda L. Bartlett,* for plaintiffs.
*Aaron S. Decker,* for defendant Brady.
*James A. Doherty Jr.,* for defendant Laubach.
*Chester F. Darlington Jr.* and *Curtis C. Johnson,* for defendant State Farm.

VAN JURA, *J.,* November 3, 2010—

PROCEDURAL AND FACTUAL HISTORY

This post Koken case involves the issue of proper venue in which the plaintiffs have filed a five (5) count complaint, in Luzerne County, consisting of separate wrongful death and survival counts against defendant, Jennifer L. Brady,

and defendant, Linda Marie Laubach; negligent infliction of emotional distress counts against defendants, Brady and Laubach; a claim for underinsured motorist benefits against defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), and a bad faith claim against the defendant, State Farm, pursuant to 42 Pa. C.S.A. Section 8371.

Counsel for the individual defendant, Jennifer L. Brady, filed preliminary objections alleging improper venue in Luzerne County and requesting that the matter be transferred to Northumberland County.

This court entered an order transferring the case and the official record to Northumberland County.

The plaintiffs filed a notice of appeal from the said order to the Superior Court of Pennsylvania.

This opinion follows, pursuant to Pa. R.A.P. 1925.

## LAW AND DISCUSSION

The individual defendant, Jennifer L. Brady's, initial preliminary objections raise the issue of improper venue in Luzerne County based on Pa. R.C.P. 1006(a)(1) which provides:

"Rule 1006. Venue. Change of Venue

(a) Except as otherwise provided by subdivision (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1) the individual may be served or in which the cause of action arose or where a transaction or occurrence

took place out of which the cause of action arose or in any other county authorized by law..."

Essentially, defendant Brady's argument is that there is no basis for venue in Luzerne County against the defendant, Brady, because the motor vehicle accident in question did not happen here nor can the defendant, Brady, be served here.

Defendant, Brady, in her supplemental brief in support of her preliminary objections to plaintiffs' complaint, additionally argues that:

"Rule 1006 (c)(1) of the Pennsylvania Rules of Civil Procedure states than "an action to enforce joint and several liability against two or more defendants...may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)." Pa.R.C.P., No. 1006 (c)(1), 42 Pa.C.S.A. Rule 2179(a)(2) of the Pennsylvania Rules of Civil Procedure permits that "a personal action against a corporation or similar entity may be brought in... (2) a county where it regularly conducts business[.]" Pa.R.C.P., No. 2179(a)(2), 42 Pa.C.S.A.

In the instant case, the co-defendant, State Farm Mutual Automobile Insurance Company, is not a potential Joint Tortfeasor with the defendant driver and cannot be adjudged jointly liable with the defendant for the full amount of the verdict. As such, Rules 1006 and 2179 of the Pennsylvania Rules of Civil Procedure are inapplicable and the instant case

should be transferred to Northumberland County."

Pa. R.C.P. 1006(b) provides that venue in action against corporation, such as the defendant, State Farm Mutual, is governed by Pa. R.C.P. 2179 which provides as follows:

"Rule 2179. Venue

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a)(1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose; or

(5) a county where the property or part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Note: Rule 1006(a.1) governs venue in actions for medical professional liability.

(b) An action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth, may be brought

(1) in a county designated in Subdivision (a) of this

rule, or

(2) in the county where the insured property is located; or

(3) in the county where the plaintiff resides, in actions upon policies of life, accident, health, disability, and live stock insurance or fraternal benefit certificates."

The venue relevant facts in this case are as follows:

(A) All the plaintiffs are residents of Northumberland County;

(B) The plaintiff, Dennis Wissinger, Jr., was appointed as Administrator of the Estate of Wanda M. Wissinger, deceased, by the Register of Wills of Northumberland County;

(C) The individual defendants, Brady and Laubach, do not reside in Luzerne County and were both served in Danville, Montour County;

(D) The motor vehicle accident in question occurred in Northumberland County, Pa.,

(E) The defendant, State Farm, "...is a duly licensed insurance carrier...with offices and/or agents throughout Pennsylvania, including in Luzerne County (plaintiffs' complaint, Paragraph 8);

(F) There is no applicable and controlling venue provision in the State Farm Policy. *C'Hara v. The Liberty Ins. Corp. d/b/a Liberty Mutual Ins. Co.*, 984 A.2d 938 (Pa. Super. 2009);

(G) No request for severance was filed by any defendant; and

(H) The complaint does not aver joint liability between the defendant, State Farm, and any other defendant.

The plaintiffs' position is that venue in Luzerne County is proper as to all defendants because Pa. R.C.P. 2179(a)(2) provides that "...a personal action against a corporation...may be brought in and only in...(2) a county where it regularly conducts business..." and further that Pa. R.C.P. 2179(b)(1) provides: "An action upon a policy of insurance against an insurance company...may be brought...in a county designated in subparagraph (a) of this rule..."

"[J]urisdiction references the power of a court to entertain and adjudicate a matter while venue certains to the locality most convenient to the proper disposition of a matter." *Searles Estrada*, 856 A.2d 85 (Pa. Super. 2004) *appeal denied*, 871 A.2d 192(2005)

A trial court is vested with discretion in determining whether or not to grant a petition to transfer venue. *Mathues v. Tim-Bar Corp.*, 652 A.2d 349 (Pa. Super. 1994). "[A] plaintiff's choice or venue is not absolute or unassailable." *Jackson v. Laldlaw Transit, Inc. & Ladlaw Transit, Pa., Inc.*, 822 A.2d 56 (Pa. Super. 2003). The determination will not be overturned absent an abuse of discretion and if any proper basis exists for the trial court's decision, the decision must stand. *Masel v. Glassman*, 689 A.2d 314 (Pa. Super. 1997); *Zappala v. James Lewis Group*, 982 A.2d 512 (Pa. Super. 2009)

The post-*Koken* combination of tort and contract actions, combined in one complaint, has generated venue decisions with differing results. See *Sehl v. Neff and State Farm*, May Term 2009, No. 2487 (Phila. Co. Oct. 22, 2009) Allen J. (case transferred to Montgomery County); *Campbell v. Kelly and State Farm*, December Term 2009 No. 208 (Phila. Co. March 12, 2010). (Venue held proper in Philadelphia County.)

In terms of the different rules of civil procedure relied upon by the plaintiffs and the defendant, Brady, the Rules of Civil Procedure themselves give us guidance on their construction:

Rule Rules in Pari Materia

Rules or parts of rules are in pari materia when they relate to the same proceedings or class of proceedings. Rules in part materia shall be construed together, if possible, as one rule or one chapter of rules.

Adopted May 1, 1939, effective Nov. 6, 1939. Amended April 18, 1975, Imd. effective.

Under the circumstances of this unsevered set of claims, venue in this case is properly laid in Northumberland County.

The plaintiff's are residents of Northumberland County and that is, likewise, where the motor vehicle accident in question occurred. By the plaintiffs' own averment in their complaint, the defendant, State Farm, does business throughout Pennsylvania, which would, by application, aver that it also does business in

Northumberland County. (The record does not address whether the plaintiff's actually purchased the policy of insurance in question in Northumberland County; whether they made premium payments there and/or did business through a State Farm agent in Northumberland County. Therefore, these factors will not be considered here.)

The parties and issues in this action have no nexus to Luzerne County, beyond the allegation that defendant, State Farm, does business here, as it does throughout Pennsylvania.

The plaintiffs' sole argument for venue in Luzerne County, that of State Farm's "doing business" in Luzerne County (Pa. R.C.P. 2179(a)(2)), pales when one considers the aggregate of venue contacts with Northumberland County.

Under the rules, providing that an action against an individual or a corporation may be brought in a county where a transaction or occurrence took place out of which the cause of action arose, it is appropriate, in analyzing whether a "'transaction or occurrence'" took place in a given county, to examine the nature of the claims asserted and the elements constituting the cause of action." The purpose of the rule governing venue against a corporation "is to permit a plaintiff to institute suit in the county most convenient for him and his witnesses and to assure that the county selected has a substantial relationship to the controversy between the parties and is thereby a proper forum to adjudicate the dispute" *Deyarmin v. Consolidated Rail Corporation*, 931 A.2d 1 (Pa. Super. 2007).

The venue relevant facts recited previously place the

most proper venue for this action in Northumberland County and not in Luzerne County.

Luzerne County has no substantial relationship to the controversies or the parties involved.

Even granting that State Farm regularly conducts business in Luzerne County, State Farm is not a potential joint tortfeasor with either or both of the individual defendants and could not be found jointly liable with either or both of them. See *Flaxman v. Burnett*, 574 A.2d 1061 (Pa. Super. 1990); *Paradise Streams, Inc. v. Edward Hess Associates, Inc.*, 33 Pa. D.&.C. 3d 472 (1984).

It was for the foregoing reasons that this court entered its prior order transferring this matter to Northumberland County.

The prothonotary is directed to serve notice of the entry of this order pursuant to Pa. R.C.P.236.