Elizabeth E. SEHL, Appellant

v.

Elizabeth NEFF and State Farm Mutual Insurance Companies.

Superior Court of Pennsylvania.

Argued April 27, 2011.

Filed July 25, 2011.

J. Davy Yockey, Trevose, for appellant.

John J. McGrath, Philadelphia, for Neff, appellee.

BEFORE: OLSON, FREEDBERG, and COLVILLE *, JJ.

OPINION BY FREEDBERG, J.:

This matter is before the Court on Elizabeth E. Sehl's appeal from the order entered by the Court of Common Pleas of Philadelphia County on October 26, 2009. We affirm.

On May 19, 2009, Appellant filed a complaint against Appellee Elizabeth Neff and State Farm Mutual Insurance Companies ("State Farm")[1] in Philadelphia County relating to her injuries resulting from a car accident that occurred in Montgomery County, Pennsylvania. Appellant sued Appellee for negligence in causing the accident and sued State Farm for breach of contract relating to the denial of Appellant's underinsured motorist benefits claim. On June 18, 2009, Appellee filed preliminary objections alleging improper venue. On October 22, 2009, the trial court sustained the venue objection and transferred the matter to Montgomery County, the county in which Appellant resided and the accident occurred. On November 16, 2009, Appellant filed a motion

1. State Farm is not involved in the present appeal.

for reconsideration, which was denied by the trial court on July 20, 2010.

On appeal, Appellant raises one issue for our review: "Did the trial court err by sustaining Appellee, Elizabeth Neff's preliminary objection to venue in Philadelphia County where Appellant filed a Complaint for bodily injuries suffered in a motor vehicle accident against a tortfeasor and in contract against an underinsured motorist carrier?" Brief for the Appellant, at 3.

██ When reviewing a trial court's decision to transfer venue, our standard of review is as follows: "A trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias or ill-will." *Forrester v. Hanson*, 901 A.2d 548, 552 (Pa.Super.2006) (citations and quotation marks omitted).

██ Venue is governed by Pa.R.C.P. 1006, "Venue. Change of Venue," which provides:

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law ...

(b) Actions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the

following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.

(c)(1) Except as otherwise provided by paragraph (2), an action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).

Appellant argues that because venue was proper against State Farm in Philadelphia County, pursuant to Pa.R.C.P. 2179[2], that venue is also proper there against Appellee, pursuant to Rule 1006(c)(1). The issue in dispute is whether Appellee and State Farm may be held jointly or jointly and severally liable. If the parties are not jointly or jointly and severally liable, then venue is not proper in Philadelphia County for the claim against Appellee. *See Ro–Med Construction Co., Inc. v. Clyde M. Bartley Co., Inc.*, 239 Pa.Super. 311, 361 A.2d 808 (1976) (finding that venue was proper in Lawrence County where the plaintiff alleged joint or joint and several liability and one of the defendants was subject to venue in the county); *Tarasi v. Settino*, 223 Pa.Super. 158, 298 A.2d 903, 904 (1972) ("[W]here defendants residing in separate counties jointly or jointly and severally incur an obligation or commit a tort, a single action can be brought against all defendants either in the county of the cause, or in a county in which one of the defendants may be served.").

**2.** Rule 2179 provides that venue is proper against a corporation in "a county where it regularly conducts business ..." Pa.R.C.P. 2179(a)(2). There is no dispute that venue is proper in Philadelphia County as to State Farm. Further, there is no dispute that there is no independent basis for venue over Appellee in Philadelphia County.

Appellee argues that the claim against her is a tort claim arising out of the car accident, while the claim against State Farm is a contract claim arising out of a denial of benefits. She points out that the complaint lists the claims in separate counts against each defendant, so that there is neither joint nor joint and several liability averred. Thus, Appellee contends that venue in Philadelphia County is not supported by Pa.R.C.P. 1006(c)(1). The trial court agreed with this position, finding that the claims against Appellee and State Farm were "separate and distinct."

Appellant asserts that the trial court's "restrictive interpretation of 'joint' or 'joint and several' under Pa.R.Civ.P. 1006(c)(1)" is incorrect. Brief for the Appellant, at 10. She continues by alleging that there is authority to expand venue against an individual defendant when permissive joinder is appropriate under Pa.R.C.P. 2229, which provides:

Rule 2229. Permissive Joinder

. . . .

(b) A plaintiff may join as defendants persons against whom the plaintiff asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common questions of law or fact affecting the liabilities of all such persons will arise in the action.

However, she points to no authority for the proposition that the permissive joinder rule abrogates Pa.R.C.P. 1006. In fact, Pa.R.C.P. 2231(d) provides:

Rule 2231. Effect of Joinder. Practice in General

. . . .

■■■ (d) Except as otherwise provided by the rules, the joinder of parties in any action shall not affect the proce-dural rights which each party would have if . . . sued separately . . .

Thus, in *Meyer v. Heilman,* 503 Pa. 472, 469 A.2d 1037 (1983), the Supreme Court stated that "the permissibility of joinder is always subject to jurisdictional requirements." 469 A.2d at 1041; *see also Mayer v. Garman,* 590 Pa. 268, 912 A.2d 762, 765–766 (2006). "For procedural purposes, objections to venue are treated as raising a question of jurisdiction." *Deyarmin v. Consol. Rail Corp.,* 931 A.2d 1, 9 (Pa.Super.2007).

The instant matter does not involve an assertion of improper joinder; rather, the issue is one of venue. The exception in Rule 1006(c)(1) allows an action to be brought against all defendants in a county where venue is appropriate for one of the defendants in "an action to enforce a joint or joint and several liability against two or more defendants."

■■■ "Joint liability" is defined as "liability shared by two or more parties." BLACK'S LAW DICTIONARY, at 933 (8th ed.2004). "Joint and several liability" is defined as "liability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion." *Id.* Discussing joint and several liability, this Court has explained:

[W]hen a plaintiff seeks to impose joint and several liability on two or more defendants, he seeks to recover a judgment which he can then enforce in whole or in part against each of them. As this court opined in *Glomb v. Glomb,* 366 Pa.Super. 206, 530 A.2d 1362, 1365 (1987), "[i]mposition of joint and several liability enables the injured party to satisfy an entire judgment against any one of the tortfeasors, even if the wrongdoing of that tort-feasor contributed only a small part to the harm inflicted." If the defendants are held jointly and

severally liable, they may have contribution rights as between them, but this does not affect the plaintiff's right to collect his judgment from either.

*Hileman v. Morelli,* 413 Pa.Super. 316, 605 A.2d 377, 384–385 (1992).[3]

Appellant did not plead joint or joint and several liability in her complaint. Each count in the complaint is against only one of the defendants individually. Appellee would not be liable for the amount, if any, owed to Appellant by State Farm. Likewise, State Farm would not be liable for the amount, if any, owed to Appellant by Appellee. We agree with the trial court that the claims Appellant brought suit for are "separate and distinct" liabilities and that "the provisions of Pa. R.C.P. § 1006(c) are inapplicable and venue as to [Appellee] is improper in Philadelphia County." Trial Court Opinion, 11/17/2010, at 2. *See Wissinger v. Brady,* 18 Pa. D. & C. 5th 40 (2010) (transferring venue and stating that "[e]ven granting that State Farm regularly conducts business in Luzerne County, State Farm is not a potential joint tortfeasor with either or both of the individual Defendants and could not be found jointly liable with either or both of them."); *Paradise Streams, Inc. v. Edward Hess Associates, Inc.,* 33 Pa. D. & C.3d 472 (1984) ("Venue as to VEP and VEPCO is improperly laid in Northampton County since there exists no joint or joint and several liability between VEP/VEPCO and Hess as required by Pa.R.C.P. 1006(c). Seven of the ten counts in the complaint relate to VEP and/or VEPCO; the remaining counts are against Hess."); *Morrow Equipment Co., LLC v. Lexington Ins. Co.,* 2004 WL 95184, 2004 Phila. Ct. Com. Pl. LEXIS 84 (2004) ("Even assuming that venue was proper as to Lexington, Pa. R.

Civ. P. 1006(c) is inapplicable because the Complaint does not seek to enforce joint or joint and several liability against Lexington and Blue Ridge.").

Order affirmed.

---

3. The *Hileman* court was using an earlier, but similar, definition of "joint and several liability: a liability as to which the creditor may sue one or more of the parties separately, or all of them together, at his option." 605 A.2d at 384.