J-A33038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| AXELROD-GIANNASCOLI REALTY GROUP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANK MARTZ HENRY AND HARRY SCHLACTERMAN | : | |
| | : | |
| APPEAL OF: FRANK MARTZ HENRY | : | No. 1021 EDA 2015 |

Appeal from the Order Entered March 11, 2015,
in the Court of Common Pleas of Philadelphia County,
Civil Division, at No(s): 091102751

BEFORE: FORD ELLIOTT, P.J.E., STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED: January 21, 2016**

Frank Martz Henry (Henry) appeals from an order that marked as satisfied a judgment entered against Henry and Harry Schlacterman (Schlacterman). We affirm.[1]

According to the trial court's opinion, Henry and Schlacterman were partners in a business. The certified record establishes that Henry and Schlacterman entered into a lease with Axelrod-Giannascoli Realty Group (Axelrod-Giannascoli). The lease refers to Henry and Schlacterman as "Lessee." The lease contained a provision that allowed Axelrod-Giannascoli to confess judgment against Lessee if Lessee breached the lease.

---

[1] The procedural history underlying this appeal is long and convoluted. Our summary of the matter will include only the details necessary to the disposition of this appeal.

*Retired Senior Judge assigned to the Superior Court.

On November 17, 2009, Axelrod-Giannascoli confessed judgment against Henry and Schlacterman in the amount of $231,255. For the next few years, Henry litigated the matter by filing, *inter alia*, a motion to strike the judgment.

Then, on February 8, 2012, Axelrod-Giannascoli filed a document entitled "Order to Satisfy Judgment Against Frank Martz Henry Only." The substance of the document states, "To the Prothonotary: Kindly mark the money judgment in favor of [Axelrod-Giannascoli] and against the defendants in the above matter SATISFIED as to defendant Frank Martz Henry only, upon payment of your costs."

On September 12, 2012, Henry supplemented the record to include a document entitled "Assignment of Money Judgment." According to this document, which is dated March 7, 2012, Axelrod-Giannascoli "holds a money judgment in the sum of $231,255.00 plus costs and interest against [] Schlacterman." The document further provides that, "for good and valuable consideration," Axelrod-Giannascoli assigned its judgment against Schlacterman to Henry.

Thereafter, Henry sought to enforce the entire $231,255 judgment against Schlacterman. Over the next few years, Schlacterman attempted, *inter alia*, to have the judgment marked satisfied, claiming that Henry had paid Axelrod-Giannascoli in full for the judgment. Schlacterman eventually filed a document entitled "Motion for Reconsideration to Mark the Judgment

as Satisfied." On March 11, 2015, the trial court granted that motion and ordered that the judgment be marked satisfied. Henry sought but was denied reconsideration of that order. Henry timely filed a notice of appeal.

On appeal, Henry presents three issues for our consideration, most of which challenge irrelevant procedural minutia of the case.[2] Henry's Brief at 4. Moreover, for the reasons that follow, Henry's claims regarding his ownership right in the Axelrod-Giannascoli judgment are not supported by the certified record and pertinent law.

As an initial matter, Henry appears to believe that Axelrod-Giannascoli held a judgment against him and a judgment against Schlacterman. **See** Response and Answer of Henry to Schlacterman's Petition to Strike Satisfied and Discharged Judgment, 2/25/2014, at ¶5 ("[The February 8, 2012 'Order to Satisfy Judgment Against Frank Martz Henry Only'] states only that the money judgment in favor of [Axelrod-Giannicoli] is 'SATISFIED' as to [] Henry only…' This Order does not state that [Axelrod-Giannicoli] has satisfied the judgment against [] Schlacterman.") (emphasis in original). This belief is inaccurate.

---

[2] For instance, under each of his issues, Henry seeks, in part, to challenge the trial court's decision to deny his motion for reconsideration of the March 11, 2015 order. Such a decision is unreviewable on appeal. **See Huntington Nat. Bank v. K-Cor, Inc.**, 107 A.3d 783, 787 (Pa. Super. 2014) ("Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal.").

Relevant to this appeal, Axelrod-Giannascoli held one judgment in the amount of $231,255. Henry and Schlacterman were jointly liable for payment of that judgment. *Cf. Sehl v. Neff*, 26 A.3d 1130, 1133 (Pa. Super. 2011) (defining "joint liability" as "liability shared by two or more parties."). Because Axelrod-Giannascoli held only one judgment and marked that judgment as satisfied (at least in part), Schlacterman consistently has argued that Henry could not enforce the full judgment against him. *E.g.*, Petition to Strike Satisfied and Discharged Judgment, 2/5/2014, at 1-2. Henry's response to this argument is, at best, misguided.

Henry readily admits to providing payment to Axelrod-Giannicoli but insists that the payment was not made toward the judgment. *See*, *e.g.*, Response and Answer of Henry to Schlacterman's Petition to Strike Satisfied and Discharged Judgment, 2/25/2014, at ¶14 ("[I]t is denied that the payment made by Mr. Henry to [Axelrod-Giannicoli] was paid to satisfy [the] judgment since it was paid to obtain an assignment of the judgment[.]"). Rather, according to Henry, the payment was made for the assignment of the judgment and that, in exchange for that payment, Axelrod-Giannascoli agreed to mark the judgment satisfied as to Henry. *See*, *e.g.*, *id.* at ¶12 ("[]Henry paid good and valuable consideration to [Axelrod-Giannascoli] in order to obtain an assignment of [the] judgment…, and pursuant to that [a]ssignment the judgment was assigned to [] Henry and [Axelrod-

- 4 -

Giannicoli] agreed to mark the judgment satisfied only as to [] Henry.").
Henry's contentions in this regard are unsupported by the law.

Axelrod-Giannicoli held a judgment against Henry and Schlacterman.
Consequently, they were legally bound to pay Axelrod-Giannicoli to satisfy
that judgment. While the record is silent as to exactly how much Henry paid
Axelrod-Giannicoli, it is clear that Henry provided enough of a payment to
convince Axelrod-Giannicoli to mark the judgment satisfied "only as to
Henry." While Henry would like to characterize this payment as
consideration for the assignment of the judgment, the law does not support
such a characterization, as the payment ultimately resulted in the judgment
being marked satisfied. **See Chatham Commc'ns, Inc. v. Gen. Press
Corp.**, 344 A.2d 837, 840 (Pa. Super. 1975) ("It is axiomatic that the
performance of an act which one party is legally bound to render to the
other party is not legal consideration. Payment of a valid judgment is not
consideration for an agreement, for the plain reason that there is no benefit
to the creditor who is entitled to the whole nor a detriment to the debtor
who was already legally obligated to liquidate this indebtedness.") (citations
omitted).

Henry does not own that which he claims to own, *i.e.*, a $231,255
judgment against Schlacterman. Henry simply has failed to convince us that
the trial court erred by marking the disputed-judgment as satisfied and that
he is entitled to relief. **See The York Grp., Inc. v. Yorktowne Caskets,**

*Inc.*, 924 A.2d 1234, 1246 (Pa. Super. 2007) ("[T]he appealing party bears the burden of establishing that the trial court's decision is erroneous."); *see also Commonwealth v. Turner*, 58 A.3d 848, 847 (Pa. Super. 2012) ("It is an appellant's burden to persuade us that the [trial] court erred and that relief is due."). For these reasons, we affirm the trial court's order.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/21/2016

---

[3] Whether Henry can seek contribution from Schlacterman is not before this Court; thus, this Memorandum does not address any such issue.