J-A02032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SCOTT F. LINDE, AS TRUSTEE OF THE SCOTT F. LINDE FAMILY'S CORPORATION TRUST | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ERIC LINDE AND LINDE ENTERPRISES, INC., A PENNSYLVANIA CORPORATION | |
| Appellees | No. 1076 MDA 2015 |

Appeal from the Order Entered May 28, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No: 2014-11830

BEFORE:  PANELLA, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JUNE 16, 2016**

Appellant, Scott F. Linde ("Scott"), as Trustee of the Scott F. Linde Family S Corporation Trust ("the Trust"), appeals from the order entered on May 28, 2015 in the Court of Common Pleas of Luzerne County, sustaining preliminary objections in favor of Appellees, Eric Linde ("Eric") and Linde Enterprises, Inc. ("LEI"), and granting a change of venue to Wayne County. Scott contends the trial court erred or abused its discretion by transferring venue to Wayne County because Luzerne County was the county where a contract was accepted, because Eric and LEI did not prove venue in Luzerne

_____

[*] Former Justice specially assigned to the Superior Court.

County was improper, and because the trial court failed to give appropriate deference to Scott's choice of venue. We disagree and, therefore, affirm.

Our review of the record and the parties' briefs reveals that Scott and Eric are brothers who, along with their sister, Barbara Linde ("Barbara"), have been involved in at least eight civil actions against each other in Wayne County, in addition to the instant Luzerne County action. Scott resides in Luzerne County. Appellant's Amended Complaint at ¶ 1. Eric resides in Wayne County. Preliminary Objections to Amended Complaint at ¶ 19. Scott alleges that LEI is a corporation with a registered address in Lackawanna County but has done business in Luzerne County. Amended Complaint at ¶¶ 2-4. Eric contends that, at all times relevant, LEI's sole office was located in Wayne County, and that LEI does not conduct business regularly in Luzerne County and, in fact, has not conducted business in any county for years. Preliminary Objections to Amended Complaint at ¶¶ 21-26. In this action, Scott asserts that Eric and LEI have failed to abide by the terms of a 1990 stock purchase agreement ("SPA") relating to LEI stock. Amended Complaint at ¶¶ 32-43.

In response to Scott's complaint, Eric and LEI filed preliminary objections requesting an evidentiary hearing and a change of venue to Wayne County. Scott filed an amended complaint and Eric and LEI again filed preliminary objections requesting an evidentiary hearing and a change of venue to Wayne County. In the preliminary objections to the amended

complaint, Eric alleged that Scott's pleadings failed to acknowledge that Eric's obligation relating to the transfer of LEI stock is governed by a handwritten global settlement agreement ("the Settlement Agreement") signed by the brothers on June 9, 2014, immediately prior to trial in Wayne County. Preliminary Objections to Amended Complaint at ¶¶ 4-6. Eric contends that Scott's filing of the Luzerne County action without reference to the Settlement Agreement was an attempt to mislead the Luzerne County trial court and to avoid a tribunal in Wayne County where Scott's "deceptive misconduct and litigation abuses are well-known and well-documented." ***Id.*** at ¶¶ 4-6 and 9.

The trial court conducted an evidentiary hearing on May 26, 2015. By order entered on May 28, 2015, the trial court sustained Eric and LEI's preliminary objections pursuant to Pa.R.C.P. No. 1028(a)(1)[1] and transferred venue to Wayne County, finding "the issues to be intricately intertwined in an ongoing and longstanding dispute which emanates from past and present

---

[1] Rule 1028 provides, in relevant part:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint[.]

Pa.R.C.P. No. 1028(a)(1).

civil action and settlement agreements in Wayne County." Trial Court Order, 5/28/15, at 1.

Scott complied with the trial court's directive to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The trial court did not issue a separate Rule 1925(a) opinion.

In his brief, Scott challenges the change of venue as follows:

Did the [t]rial [c]ourt below abuse its discretion and commit an error of law by granting [Eric and LEI's] Preliminary Objections and transferring venue of the instant case from Luzerne County to Wayne County as:

1. the venue of Luzerne County chosen by [Scott] in the underlying case is appropriate, pursuant to Pennsylvania Rules of Civil Procedure 2179, et seq., and 1006, et seq., because the subject contract was formed in Luzerne County, which is where the offer was accepted; consequently a[ ] "transaction or occurrence," sufficient to establish venue in Luzerne County for the case at bar occurred in Luzerne County; and

2. [Eric and LEI] did not meet the appropriate burden of proof of supporting a claim for improper venue;

3. The trial [c]ourt failed to give [Scott's] choice of forum appropriate deference.

Appellant's Brief at 6.

In **Schultz v. MMI Products, Inc.**, 30 A.3d 1224 (Pa. Super. 2011), this Court recognized:

[O]ur standard of review for a challenge to an order transferring venue is well settled.

A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. A decision to transfer venue will not be reversed unless the trial court abused its discretion. A plaintiff's choice of forum is given

- 4 -

great weight, and the burden is on the party challenging that choice to show it is improper.

However, if there exists **any proper basis** for the trial court's decision to grant the petition to transfer venue, the decision must stand.

***Krosnowski v. Ward***, 836 A.2d 143, 146 (Pa. Super. 2003) (citations and internal quotation marks omitted) (emphasis added). "An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias or ill-will." ***Sehl v. Neff***, 26 A.3d 1130, 1132 (Pa. Super. 2011) (citation omitted).

***Id.*** at 1228.

Here, the record supports the trial court's determination that the action Scott filed in Luzerne County involved issues "intricately intertwined" in the ongoing and longstanding disputes that were the subject of the Settlement Agreement and the civil actions pending in Wayne County. As noted, Scott and Eric signed the Settlement Agreement on June 9, 2014, just as trial was to begin in a 1999 equity action filed in Wayne County. As Eric explains, and as our review of the Settlement Agreement confirms:

The Settlement Agreement had two (2) primary components. First, Eric Linde agreed to convey all of his LEI and Lackawanna Land & Energy, Inc. ("LLE") capital stock to Scott Linde in exchange for the payment of $2 million. Second Scott Linde agreed to transfer to Eric Linde his forty-two and one half percent (42.5%) interest in three Wayne County real estate partnerships . . . .

Before Eric Linde could convey his LEI stock to Scott Linde as per the Settlement Agreement, he had to offer his LEI stock to LEI in accordance with the terms of the SPA. (R. 1a-92; 273-277a). LEI declined to purchase any of the stock. (R. 11 a). Thereafter, the Settlement Agreement and the SPA obligated

> Eric Linde to offer his LEI stock to the other LEI shareholders. . . . Neither Barbara Linde nor her family trust expressed a desire to purchase any of the LEI stock, thus clearing the way for Eric Linde to convey his LEI (and LLE) stock pursuant to the terms of the Settlement Agreement.

Appellees' Brief at 4-5.

It was at that point, Eric contends, that Scott gave notice of the Trust's intent to purchase its pro rata share of Eric's stock pursuant to the terms of the SPA.[2]  Scott also demanded that the LEI stock be set at book value per the terms of the SPA rather than the agreed upon $2 million purchase price for the LEI and LLE stock, per the terms of the Settlement Agreement.  Appellees' Brief at 5.  By doing so, and by having the Trust seek to purchase the pro rata three shares as well as an additional 209 of Eric's 300 shares, Eric would be unable to convey his 300 shares to Scott in accordance with the Settlement Agreement.

The offers of the stock to the various parties, as required by the SPA before Eric could convey the LEI stock to Scott under the Settlement Agreement, were made by letter from Eric in Wayne County to Scott in Luzerne County.  Scott contends the Trust's acceptance of the offer by letter from Luzerne County created a contract and established proper venue in

_____

[2] Eric held 300 shares of LEI stock while Barbara's family trust held 115 shares and the Trust held one share.  The pro rata share the Trust sought to purchase totaled three shares of LEI stock.  Amended Complaint at ¶ 7.

Luzerne County for the action against Eric and LEI seeking enforcement of the contract. *See* Appellant's Brief at 8-16.

Pa.R.C.P. No. 1006 directs, in relevant part, that an action against an individual "may be brought in and only in a county in which (1) that the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law[.]" Eric could not be served in Luzerne County but, Scott asserts, the acceptance of Eric's offer of LEI stock took place there and, as such, the action could be brought in Luzerne County.

While Pa.R.C.P. No. 1006 governs venue of actions against individuals, Pa.R.C.P. No. 2179 governs venue of actions against corporations and provides, in relevant part:

> [A] personal action against a corporation [] may be brought in and only in
> (1) the county where its registered office or principal place of business is located;
> (2) a county where it regularly conducts business;
> (3) the county where the cause of action arose;
> (4) a county where a transaction or occurrence took place out of which the cause of action arose[.]

LEI's sole office is located in Wayne County, not Luzerne County,[3] and it does not regularly conduct business there. Preliminary Objections to Amended Complaint at ¶ 11. However, again, as the county where Scott accepted Eric's offer of stock, Scott argues that venue is proper in Luzerne County as the county where the transaction took place out of which the cause of action arose.

Although Scott contends the cause of action arose out of his acceptance of Eric's offer of LEI stock, the record supports a different conclusion. The offer was made in accordance with the process outlined in the SPA. However, the SPA itself did not require that Eric offer the stock. It was the Settlement Agreement that required Eric to sell the stock to Scott *after* following the procedure set forth in the SPA. That Settlement Agreement was reached between Scott and Eric in Wayne County to resolve litigation in that county. As the trial court properly determined, "the issues [are] intricately intertwined in an ongoing and longstanding dispute which emanates from past and present civic actions and settlement agreements in Wayne County." Trial Court Order, 5/28/15, at 1.

We find the trial court's ruling reasonable in light of the facts. We find no abuse of discretion on the part of the trial court in transferring venue to

_____

[3] LEI previously had a registered office in Lackawanna County but did not have an office in Luzerne County. Preliminary Objections to Amended Complaint at ¶¶ 20-23.

Wayne County. Because there was a proper basis for the trial court's decision to transfer venue, that decision must stand. ***See Shultz, supra***, and cases cited therein.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2016